**James SHELBY, Plaintiff-Appellant,**

v.

**J.D. McADORY, etc., et al., Defendants-Appellees.**

**No. 85–4367**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1986.

James Shelby, Parchman, Miss., pro se.

Daniel, Coker, Horton & Bell, Gary K. Jones, Thomas A. Bell, Jackson, Miss., for Walter Dennis & George Smith.

Downey & Brown, Rexford T. Brown, Jackson, Miss., for J.D. McAdory.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

James Shelby appeals from the entry of summary judgment against him in his civil rights lawsuit. We affirm.

The material facts are not in dispute. Shelby pled guilty to a State of Mississippi narcotics charge in early 1976. He was sentenced to twenty years incarceration, ten years suspended, the sentence to run concurrent to "any federal sentence" imposed in a pending federal bank robbery prosecution. He was transported to the Mississippi State Penitentiary. About ten days later, Shelby was sentenced in federal court to ten years, to run consecutive to the state sentence. The state court allowed Shelby to withdraw his guilty plea to the narcotics charge a few days later, vacated the judgment of conviction, and or-

dered that Shelby be returned to the local jail and held without bail in anticipation of a trial in July 1976.

For unknown reasons, the state court's order was not executed, and Shelby remained at the State Penitentiary until early 1978, when he learned that his state conviction had been vacated. In February 1978, Shelby again pled guilty to the state charge. He was sentenced to twenty years, all but twenty-one months suspended. He was given credit for the twenty-one months served, and released to the pending federal detainer for the bank robbery conviction. Federal authorities also gave him twenty-one months credit toward his federal sentence for time served in the State Penitentiary.

In 1981, Shelby filed a civil rights suit based on this incident against an official of the Mississippi Department of Corrections who is not a defendant in this case. That complaint was dismissed on November 3, 1983, for failure to state a claim against that particular official. The instant complaint, against six county court and law enforcement officials, was filed on May 21, 1984. The complaint sets forth numerous causes of action; only the claim under 42 U.S.C. § 1983 arguably is viable.[1] The district court determined that the complaint failed to state a cause of action, entered summary judgment for the three moving defendants, and dismissed the complaint against all other defendants for failure to prosecute, the complaint not having been served against them in the twelve-month period in which the suit was pending.[2] We agree with the entry of judgment for the moving defendants, although for a different reason than that relied on by the district court. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir.1981) (reversal inappropriate if district court can be affirmed on any ground).

Subsequent to the district court's order in this case, we determined in *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985), that the statute of limitations for a § 1983 claim in Mississippi is one year. *Id.* at 917. Accordingly, this action was time-barred one year from the date when Shelby knew or had reason to know of the injury that is the basis of the action. Although it appears all but certain that Shelby knew or should have known of the injury in 1978, it is clear beyond any dispute that he knew of the injury in 1981, when he filed his first federal civil rights action based on this incident. Because that 1981 suit did not toll the running of the statute of limitations against the defendants in this suit, Miss. Code Ann. § 15–1–75 (1972); *Nilsen v. City of Moss Point*, 621 F.2d 117, 120 (5th Cir. 1980), the statute of limitations expired against the defendants in this action in 1982. This complaint was filed in May 1984. Therefore, it is untimely.

AFFIRMED.

---

1. We agree with the district court's rejection of Shelby's causes of action arising directly under the Constitution and statutes other than § 1983 for substantially the reasons stated in the district court's Memorandum Opinion at footnote 1. We note in addition that causes of action asserted directly under the Constitution are appropriate only against federal agents, *Bivens v. Six Unknown Members of the Federal Bureau of* *Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Further, the § 1981 and § 1985 claims fail to allege class-based animus, therefore they do not state a cause of action.

2. Shelby has not appealed the order dismissing his claim against the three unserved defendants for failure to prosecute.