### Charles STOREY, Plaintiff.

v.

**UNITED STATES of America; Charles Garrett; and X, Whose True Name is Unknown, and Who is an Agent of the Internal Revenue Service of United States Government, Defendants.**

#### No. EC–85–510–GD–D.

United States District Court,
N.D. Mississippi, E.D.

March 12, 1986.

Jim Waide, Estes & Waide, Tupelo, Miss., for plaintiff.

Gregory D. Keenum, Keenum & Keenum, P.A., Booneville, Miss., William D.M. Holmes, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Robert Q. Whitwell, U.S. Atty., Oxford, Miss., for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause is presently before the court on the defendant's motion to dismiss. In the case *sub judice* the plaintiff, Charles Storey, brought suit against the defendants Charles Garrett, a garage owner, the United States of America and an unnamed Internal Revenue Service agent. In his complaint the plaintiff alleges that in August of 1981, state officials seized a pickup truck that the plaintiff owned and delivered it to the defendant Garrett without affording the plaintiff notice or a hearing. The complaint alleges that Garrett and the state officials entered a conspiracy that Garrett would continue to withhold the plaintiff's truck from him without affording the plaintiff any procedural due process in violation of Title 42 U.S.C. § 1983. Storey instituted suit against the state officials in 1984. This action was subsequently settled, and the state officials abandoned any claim they had to the plaintiff's truck.

Although the state officials abandoned their claim to the truck, the defendant Garrett still refuses to release the truck to the plaintiff. The complaint states that Garrett has asserted that he has a storage lien

against the plaintiff's truck. The complaint further provides that the defendant IRS agent authorized and directed Garrett to continue to deny the plaintiff possession and use of his truck without due process. It is also alleged that the IRS agent had an agreement with Garrett that Garrett would sell the truck to satisfy his storage lien and that the IRS would then receive the proceeds from this sale to satisfy Garrett's debt to the IRS.

In the motion to dismiss, the defendant alleges four grounds for dismissal. The defendant alleges:

1) That the court lacks jurisdiction over the subject matter of the action because the complaint fails to allege a substantial federal question;

2) That if the complaint does allege a federal question, it is barred by the statute of limitations;

3) That the complaint fails to state a claim upon which relief from this court may be granted because the United States of America has denied any claim to the truck that is the subject of this action;

4) That the court lacks jurisdiction in that no allegations have been made as to the adequacy of any state remedy.

In considering a motion to dismiss, the court must construe the allegations of the complaint liberally, and the allegations must be accepted as true in testing their sufficiency. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972). A court should not dismiss a complaint unless it is apparent that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). With these guidelines in mind, the court proceeds to consider each of the grounds for dismissal alleged by the defendant.

### LACK OF SUBJECT MATTER JURISDICTION

■ In considering whether the court has jurisdiction on a motion to dismiss, the court looks only to the allegations in the pleadings. In the plaintiff's complaint, he alleges that the United States is a defendant and that a federal official conspired with the private defendant to deprive the plaintiff of constitutionally protected rights. It is settled law that a federal cause of action exists when an individual's constitutional rights are violated by a federal official acting under color of federal authority. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 389, 91 S.Ct. 1999, 2001, 29 L.Ed.2d 619 (1971); *Shelby v. McAdory* 781 F.2d 1053 (5th Cir. 1986) (per curiam). Because a federal cause of action is alleged against the unnamed IRS agent, this federal district court has jurisdiction over the subject matter. 28 U.S.C. § 1331. Furthermore, this court has jurisdiction over civil actions against the United States that are founded upon the Constitution of the United States. 28 U.S.C. § 1346.

This court also has original jurisdiction over the private defendant in this case. In his complaint, the plaintiff alleges that the defendant, Garrett, a private citizen, conspired with state officials to deprive him of his property without due process of law in violation of 42 U.S.C. § 1983. In 1981, the defendant and several state officials allegedly conspired to take and retain the defendant's truck without any notice or hearing. The defendant still has control of the plaintiff's truck. Title 42 U.S.C. § 1983 provides that: "[e]very person" who acts "under color" of state law to deprive another of constitutional rights shall be liable in a suit for damages. In *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), the Supreme Court held that a private person may be found to act "under color of" state law when he engages in a conspiracy with a state official to deprive another of his constitutional rights. The court stated that to act under color of state law for § 1983 purposes does not require that the defendant be an officer of the state. It is enough that the defendant is a willful participant in a joint action with an agent of the state. *Id.* at 27, 101 S.Ct. at 186. "Private persons, jointly en-

gaged with state officials in the challenged action, are acting 'under color' of state law for purposes of § 1983 actions." *Id.* at 28, 101 S.Ct. at 186; *see also Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Since the plaintiff asserts that Garrett acted jointly with state officials in depriving him of his property, a federal question does exist under § 1983 and this court has jurisdiction over the matter. 28 U.S.C. § 1343. *See also Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 927 n. 6, 102 S.Ct. 2744, 2748 n. 6, 73 L.Ed.2d 482 (1982).

## STATUTE OF LIMITATIONS

■ The defendant alleges that if the complaint does allege a federal question under § 1983, the action is barred by the statute of limitations. In *Gates v. Spinks*, 771 F.2d 916, 920 (5th Cir.1985), the Court of Appeals for the Fifth Circuit held that all § 1983 actions brought in Mississippi will be governed by Mississippi Code § 15–1–35, the Mississippi one-year statute of limitations for intentional torts. Although the defendant is correct in asserting that Mississippi state law governs in determining the proper statute of limitations to be applied, the question of when a § 1983 cause of action *accrues* is a question that must be determined by federal, not state law. *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir.1974) *cert. denied*, 419 U.S. 894, 95 S.Ct. 171, 42 L.Ed.2d 138, *vacated and remanded on other grounds*, 423 U.S. 885, 96 S.Ct. 161, 46 L.Ed.2d 117 (1975). In *Donaldson*, the Fifth Circuit Court of Appeals stated, "when a tort involves continuing injury, the cause of action accrues and the limitation period begins to run, at the time the tortuous conduct ceases." *Id.* In *Donaldson*, a former mental patient had been involuntarily committed without a prior hearing. He brought suit under § 1983 at the time he was released from the institution. The defendants claimed that the plaintiff's § 1983 action accrued at the time he was committed and was barred by the statute of limitations. The *Donaldson* court disagreed and held that "[w]here a tort causing continu-

ing injury is alleged, a patient's cause of action does not accrue until the date of his release." *Id.*

In the instant action, the plaintiff alleges that he has been deprived of his property without due process as a result of a conspiracy between the defendant and state law enforcement officials. The conspiracy to deprive the plaintiff of his property is alleged to be a continuing tort because the defendant retained the plaintiff's truck pursuant to an agreement with the state officials from August 1981 until December 1985, when the state officials abandoned their claim to the truck.

In examining the plaintiff's contention that the conspiracy was a continuing tort, the court notes that a conspiracy consists of two basic elements: 1) an agreement between the parties to inflict a wrong or injury upon another, and 2) an overt act in furtherance of the agreement that results in damage to another. *Hampton v. Hanrahan*, 600 F.2d 600, 621 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). For purposes of a § 1983 action, the plaintiff must allege, with particularity, that a state official, acting in his official capacity, conspired with the private defendant to violate the plaintiff's constitutional rights. *Weiss v. Willow Tree Civic Association*, 467 F.Supp. 803, 811 (S.D.N.Y.1979). *See also Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204 (7th Cir.1980); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2nd Cir. 1977). A bare allegation that the private defendant and state officials acted in concert is no evidence of conspiracy. The plaintiff must make a factual disclosure tending to show that the private defendant and public officials directed themselves toward unconstitutional actions in accordance with a mutual understanding. *Sparkman v. McFarlin*, 601 F.2d 261, 268 (7th Cir. 1979). It appears that for purposes of the motion to dismiss, the plaintiff has met these requirements. The plaintiff has also established a prima facie showing that the state officials and the defendant Garrett had a mutual continuing understanding for

Garrett to continue to deprive the plaintiff of his property. This agreement ended on December 1, 1985. Thus, the court finds that the alleged conduct of the defendant Garrett was a continuing tort and the plaintiff's action was brought well within the required period of time.

## ADEQUACY OF STATE REMEDY

In his motion to dismiss, the defendant alleges that this court lacks jurisdiction because the plaintiff has made no allegations as to the adequacy of any state remedies. The defendant does not address nor support this proposition in his brief in support of his motion. This court, however, will construe this allegation as a motion to dismiss for failure to state a claim upon which relief may be granted. A claim upon which relief may be granted under § 1983 must contain two basic elements. A plaintiff must allege facts tending to show that 1) the conduct complained of was committed by an individual acting under color of state law, and 2) that such conduct deprived him of rights secured to him by the United States Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

■ As the court has already mentioned, a private defendant may be found to act under color of state law when he participates in a conspiracy with state officials to deprive another of constitutionally protected rights. *See, e.g., Tower v. Glover,* 467 U.S. 914, 924, 104 S.Ct. 2820, 2827, 81 L.Ed.2d 758, 767 (1984). (complaint against private defendant that alleged that defendant had conspired with state officials to convict plaintiff on robbery charges adequately alleged conduct "under color" of state law). Thus, the alleged participation of the defendant Garrett in a conspiracy with state officials to deprive the plaintiff of his property without due process satisfies the "under color" prong of the *Parratt* test.

■ Under the second prong of the *Parratt* test, the plaintiff asserts that Garrett has deprived him of rights secured to him

under the United States Constitution. Specifically, the plaintiff contends that Garrett intentionally engaged in a conspiracy to deprive plaintiff of his truck without procedural due process of law. The court, however, must examine this procedural due process claim more closely. It is elementary that the due process clause, as a constitutional guarantee, protects individuals only from actions by the government, that is, it only protects against "state action." Accordingly, as a prerequisite to going forward with his due process claim, the plaintiff must show that Garrett's conduct constituted "state action."

The Court of Appeals for the Fifth Circuit has held that in order for a plaintiff to establish the requisite state action by a private defendant, the plaintiff must prove a "customary" or "pre-existing" arrangement between the defendant and the state police. *See Hernandez v. Schwegmann Bros. Giant Supermarkets,* 673 F.2d 771, 772 (5th Cir.1982); *White v. Scrivner Corp.,* 594 F.2d 140, 143 (5th Cir.1979); *Smith v. Brookshire Bros.,* 519 F.2d 93, 94 (5th Cir.1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1115, 47 L.Ed.2d 320 (1976). The cited Fifth Circuit cases concerned merchants who had detained alleged shoplifters and then turned them over to the police. Where such detention by the merchants was a product of a pre-existing plan between the private defendants and the police, the Court of Appeals for the Fifth Circuit held that such detention met the state action requirement. Conversely, where the private person acted independently in infringing on a plaintiff's rights, and subsequent to this action the state police arrested the plaintiff based on a separate determinate of cause to arrest, the actions of the private person were found not to constitute state action. *See e.g., Hernandez,* 673 F.2d at 772.

None of these cases in which a private defendant was sued under § 1983 without a state official also being sued involved facts comparable to the facts of the instant case. It is clear, however, that the defendant Garrett in the instant case was not

acting independently but had a continuing agreement with the state police that resulted in the detention of the plaintiff's truck. Thus, the case for finding that the defendant's actions constituted state action is stronger under the facts of the instant case than in the cases discussed *supra*. This is because in the instant case, the state police were the ones who initially deprived the plaintiff of his property. The defendant then continued to hold the property pursuant to a continuing agreement with the police. Since the defendant deprived the plaintiff of his truck pursuant to a "pre-existing" arrangement with state officials, the "state action" prerequisite to the plaintiff's due process claim is met. The court may thus proceed to examine the substance of the plaintiff's procedural due process claim.

In considering the merits of the plaintiff's due process claim, the court must determine whether the defendant Garrett's particular actions amounted to a violation of the procedural due process protections afforded the plaintiff. The deprivation of property by a person acting under color of state law alone is insufficient to be cognizable as a violation of a person's due process rights. Instead there must be a deprivation that is *without due process*. To determine whether the deprivation in the instant case was without due process, the court first must examine what process was due the plaintiff under the circumstances of this case.

Generally, the due process clause requires that a person be given some form of notice and an opportunity for a hearing before he is deprived of his property. *Board of Regents v. Roth*, 408 U.S. 564, 570–71, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548 (1972). However, "when deprivations of property are effected through random and unauthorized conduct of a state employee or one acting in conspiracy with a state employee, pre-deprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393, 407 (1984). *See also Ingraham v. Wright*, 430

U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). In those cases where there is a random intentional deprivation of an individual's property that is not pursuant to an "established state procedure," *see Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36, 102 S.Ct. 1148, 1157–58, 71 L.Ed.2d 265 (1982), the intentional deprivation will be found not to violate the due process clause if adequate post-deprivation remedies are available at state law. *Hudson*, 468 U.S. at ——, 104 S.Ct. at 3203, 82 L.Ed.2d at 407.

In the instant case, the plaintiff has made no allegation that the defendant's conduct in depriving him of his truck was pursuant to an established state procedure. Rather, the actions of the defendant together with the state police appear to have been random and unforeseeable. It thus follows that it would have been impossible for the state to provide a pre-deprivation hearing for a deprivation of property that it had not sanctioned. Accordingly, the court must hold that the unauthorized deprivation of the plaintiff's truck by one conspiring with state law enforcement officers does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if the plaintiff has a "meaningful postdeprivation remedy" available for his loss. *Hudson*, 468 U.S. at ——, 104 S.Ct. at 3203, 82 L.Ed.2d at 407.

■ In his § 1983 complaint, the plaintiff asks for an order directing Garrett to return the plaintiff's truck to him and for damages for the plaintiff's loss of use of the truck. Neither party to this litigation has mentioned any state remedies that may be available to satisfy the plaintiff's demands. The court finds, however, that an action for replevin pursuant to Miss.Code § 11–37–101, *et seq.* (Supp.1985) is available to the plaintiff and would provide him with an adequate post-deprivation remedy. *See also Standard Finance Corp. v. Breland*, 249 Miss. 413, 163 So.2d 232, 238 (1964) (where property has usable value, plaintiff may also recover for the value of

loss of use of the property during the period he was wrongfully deprived thereof). The court is further of the opinion that the plaintiff is accorded procedural due process by this post-deprivation remedy. It follows that because the plaintiff has not been denied procedural due process, his claim for deprivation of property without procedural due process under § 1983 fails to state a claim upon which relief can be granted.

## FAILURE TO STATE A CLAIM AGAINST UNITED STATES

■ In the motion to dismiss the defendant also alleges that the complaint against the United States and the unknown Internal Revenue Service agent fails to state a claim upon which relief can be granted because the United States has denied any claim to the plaintiff's truck. A copy of the United States' answers to interrogatories is attached to the motion as an exhibit. Federal Rule of Civil Procedure 12(b) provides that, if, on motion to dismiss for failure to state a claim upon which relief can be granted, "matters outside the pleadings are presented to ... the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Since interrogatories are attached to the motion to dismiss as an exhibit to this portion of the motion, this portion of the motion shall be treated as a motion for summary judgment pursuant to Rule 56.

Under Federal Rule of Civil Procedure 56(c), an order for summary judgment is proper if, when reviewing the evidence in a light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.) *reh'g denied*, 762 F.2d 1004 (5th Cir.1985); *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir.1984); *Transource International, Inc. v. Trinity Industries, Inc.*, 725 F.2d 274, 279 (5th Cir. 1984).

In the motion that is now before the court, the defendant asserts that the United States and the unnamed IRS agent did not conspire with Garrett to deprive the plaintiff of his truck and did not order Garrett to sell the truck at a public auction. Further, in the answer to interrogatories, the United States states that no IRS agent has ever asserted a claim to the plaintiff's truck nor has any IRS agent directed or authorized Garrett to deprive the plaintiff of his truck. These assertions are further supported by testimony by the plaintiff and defendant Garrett given at the preliminary injunction hearing on February 9, 1986. The proof revealed that the vehicle was seized by the county sheriff and state police investigators, the defendants in the aforementioned civil case that was heretofore settled, and delivered by them to the defendant Garrett herein for safe keeping. The officers apparently believed that the vehicle was stolen but no criminal charges were forthcoming against Storey. The testimony of these parties established that the defendant Garrett may have mistakenly thought that the IRS had a lien on his property that might affect the plaintiff's truck. It also established that Garrett alone planned to sell the plaintiff's truck and use the proceeds of the sale to pay toward his federal tax lien. No depositions, affidavits or other forms of evidence have been produced of any action on the behalf of the United States that would in any way support a claim of deprivation of property without due process against it or against the IRS agent.

It is settled law that when a summary judgment motion is made and is supported by sufficient evidence, the burden then shifts to the non-moving party to demonstrate that there exists a genuine issue of material fact in the case. *See, e.g., Hargrave v. Fibre Board Corp.*, 710 F.2d 1154, 1163 (5th Cir.1983); *Nicholas Acoustic & Specialty Co. v. H.M. Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983). While the court must consider a motion for summary judgment in a light most favorable to the

non-moving party, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of its pleadings. On the contrary, 'once a defendant has made ... sworn denials, summary judgment is appropriate unless the plaintiff can produce *significant evidence* demonstrating the existence of a genuine fact issue.'" *Russell,* 736 F.2d at 287 (emphasis in original) (quoting *Parsons v. Ford Motor,* 669 F.2d 308, 313 (5th Cir.), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982) ); *accord Walker v. U–Haul Company of Mississippi,* 734 F.2d 1068, 1071 (5th Cir.1984); *Woods,* 687 F.2d at 119; *In re Municipal Bond Reporting Antitrust Litigation,* 672 F.2d 436, 440 (5th Cir.1982); *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). The non-moving party must respond with affirmative proof setting forth specific facts that illustrate a genuine dispute of fact. *Exxon,* 543 F.2d at 551. The non-moving party is not allowed to wait until trial to assert his claims that are relevant to the motion for summary judgment. *Id.*

The plaintiff has not submitted any evidence of wrongful conduct either by the United States or the IRS agent. Accordingly, the court finds that there is no issue of material fact as to the claims against the United States and the unnamed IRS agent. Furthermore, since the IRS did not participate in a conspiracy with defendant Garrett, the claim against Garrett for conspiring with the IRS agent must also fail as it is settled law that an individual cannot conspire with himself. The claim against Garrett cannot survive without there being a conspiracy because a claim against a private individual cannot be asserted directly under the Constitution. *Shelby,* No. 85–4367, slip op. at 3288 n. 1.

Accordingly the court is of the following opinion:

1) that the defendant's motion to dismiss the claim against Charles Garrett should be, and is hereby granted;

2) that a summary judgment order in favor of the United States and the unnamed IRS agent is appropriate.

A separate order shall be entered in accordance with this opinion.