Otis Lee **FAIRLEY**, Plaintiff-Appellant,

v.

Hon. Bill **ALLAIN**, Governor, State of Mississippi, et al., Defendants-Appellees.

No. 86–4173.

United States Court of Appeals, Fifth Circuit.

May 20, 1987.

Rehearing Granted July 2, 1987.[*]

Before THORNBERRY, GEE, and REAVLEY, Circuit Judges.

GEE, Circuit Judge:

The district court dismissed Otis Lee Fairley's 42 U.S.C. § 1983 petition as barred by the statute of limitations. He appeals and we affirm.

In September 1982, a Mississippi state court convicted the appellant of murder and sentenced him to life imprisonment. He was sent immediately to the Mississippi State Penitentiary at Parchman. He sought and received an order from Justice Robertson of the Mississippi Supreme Court in May 1983 directing that he be returned to the Hinds County Detention Center during the pendency of his appeal as mandated by Miss.Code.Ann. § 99–19–41.[1] Despite the order, the appellant re-

---

[*] See 820 F.2d 728.

1. That section reads:

When any person shall be convicted of an offense and an appeal shall be taken to the supreme court, the sheriff shall, on an order for that purpose from the judge of the court where he was tried, or a judge of the supreme court, deliver such convict to the sheriff of the county where the supreme court is held, at the term thereof to which the appeal shall be made returnable, who shall safely keep such prisoner, subject to the order of the supreme court.

mained at Parchman. He filed the present action in December 1984.

The district court applied the one-year statute of limitations to Fairley's suit and accordingly dismissed it. *See Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986). Fairley argues that *Gates* should not be applied retroactively. As we explained in *Young v. Biggers*, 816 F.2d 216 (5th Cir.1987), we are bound to apply *Gates* retroactively. (*Shelby v. McAdory*, 781 F.2d 1053 (5th Cir.1986) requires that *Gates* be applied retroactively in § 1983 suit against law enforcement officials). Fairley's action, therefore, was time-barred one year from the date when he knew or had reason to know of the injury that is the basis of his action. Justice Robertson issued the order directing Fairley's transfer in May 1983. That is the relevant date for the purpose of the statute of limitations. Fairley filed this action in December 1984. Accordingly, it is untimely.

AFFIRMED.

REAVLEY, Circuit Judge, dissenting:

The present case is factually distinguishable from *Shelby v. McAdory*, 781 F.2d 1053 (5th Cir.1986), and *Young v. Biggers*, 816 F.2d 216 (5th Cir.1987). In those cases the actions arose prior to 1982 when we decided *Morrell v. City of Picayune*, 690 F.2d 469 (5th Cir.1982). In the Fairley case at hand the action arose in 1983.

The significance of the *Morrell* date was its holding, for the first time by this court, that "the one-year statute governing actions for intentional torts by ordinary citizens does not apply to torts by police." *Id.* at 470. The *Morrell* court applied a six-year limitation period. Fairley was entitled to rely on that precedent, and the analysis of *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), protected him from retroactivity of our change to the one-year limitation rule in *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985).

*Shelby* failed to consider the *Chevron* test and was incorrectly decided. Now we extend the error despite the significant difference of fact.