Mrs. Peggy GATES, Plaintiff-Appellant,

v.

Dr. Sam SPINKS, et al.,
Defendants-Appellees.

No. 84–4605.

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1985.

Rehearing and Rehearing En Banc
Denied Oct. 22, 1985.

Parsons & Matthews, Eddy Parsons, Jack Parsons, Wiggins, Miss., for plaintiff-appellant.

Moran M. Pope, Jr., Moran M. Pope, III, Hattiesburg, Miss., for defendants-appellees.

Before WISDOM, GARWOOD and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

This appeal requires that we determine the prescriptive period which applies to actions brought in the State of Mississippi under 42 U.S.C. § 1983. Guided by the recent decision of the Supreme Court in *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), we conclude that the one-year period provided by Miss. Code Ann. § 15-1-35 governs such actions. Because plaintiff's suit was not filed within one year from the accrual of the cause of action, we affirm the district court's summary judgment in favor of the defendants.

**1.** Although Mrs. Gates formally denominated her complaint as being brought pursuant to "Title 42, U.S.C., Section 1981, et seq.", the substance of the complaint states a cause of action only under section 1983. We therefore treat Mrs. Gates' claim as one brought pursuant to § 1983.

**2. Section 15-1-49. Limitations applicable to actions not otherwise specifically provided for.**

All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.

**3.** Section 1988 provides in relevant part:

## I.

Mrs. Peggy Gates brought this action under 42 U.S.C. § 1983 against various officials of the Hattiesburg Municipal Separate School District alleging that she was discharged from her position as a teacher in retribution for her exercise of rights protected by the first amendment.[1] The defendants moved for summary judgment asserting that Mrs. Gates' claim was not timely brought within the one-year period provided by Miss.Code Ann. § 15-1-29 (1976) for actions on unwritten contracts. The district court, relying on binding circuit authority—*White v. United Parcel Service,* 692 F.2d 1 (5th Cir.1982), and *Breland v. Board of Education,* 729 F.2d 360 (5th Cir.1984)—granted defendants' motion. On appeal, Mrs. Gates in brief and oral argument contended that her claim was governed by the six-year period provided by Mississippi Code Annotated § 15-1-49 (1972).[2] The Supreme Court announced its decision in *Wilson v. Garcia* after we heard oral argument in this case. We deferred deciding this case until the parties filed supplemental briefs on which Mississippi limitation period should be selected in light of *Wilson.*

## II.

The Reconstruction Civil Rights Acts, 42 U.S.C. §§ 1981–1988, set no time limitation on the cause of action created by section 1983. *Burnett v. Grattan,* —— U.S. ——, 104 S.Ct. 2924, 2929, 18 L.Ed.2d 36 (1984). Congress instead allowed the courts to fill this statutory void.[3] *Id.* 104 S.Ct. at 2928.

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is

Our responsibility in applying section 1988 has been described by the Supreme Court in these terms:

First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." [42 U.S.C. § 1988]. If no suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum state. Ibid. A third step asserts the predominance of the federal interest; courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States." Ibid.

*104 S.Ct. at 2928–29.*

In selecting a state limitation period to apply to a 1983 action, the Court has instructed us to adopt the most "appropriate" state limitation period or the limitation governing an "analogous" state cause of action. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

Before Wilson was announced, we interpreted section 1988 as requiring us to select the state limitation period applicable to the state cause of action most analogous to the particular 1983 action filed. See, e.g. *Beard v. Stephens,* 372 F.2d 685, 688 (5th Cir.1967); *Shaw v. McCorkle,* 537 F.2d 1289, 1292–93 (5th Cir.1976); *McMillian v. City of Rockmart,* 653 F.2d 907, 909 (5th Cir.1981). The criteria used to select an appropriate state statute of limitations varied from circuit to circuit[4] and the Supreme Court granted certiorari in *Wilson v. Garcia* to resolve this conflict.

In *Wilson,* the Court proposed to answer the following questions:

We must first consider whether state law or federal law governs the characterization of a § 1983 claim for statute of

limitations purposes. If federal law applies, we must next decide whether all § 1983 claims should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case. Finally, we must characterize the essence of the claim in the pending case, and decide which state statute provides the most appropriate limiting principal.

105 S.Ct. at 1943.

The Court determined first that federal law governed the characterization of a section 1983 claim for purposes of selecting a statute of limitations. *Id.* at 1944. In response to the second question posed, the Court held that the *one* most appropriate statute of limitations in each state should be selected for all 1983 claims. *Id.* at 1947. The Court then turned to the selection of the single New Mexico statute to be applied in the case under consideration as well as all future 1983 actions filed in New Mexico.

In selecting the single applicable New Mexico statute, the first step in the *Wilson* Court's analysis was to consider what general state remedy was most analogous to the 1983 action. Based primarily on the legislative history, the Court acknowledged that the dominant reason for enacting section 1983 was to provide a remedy against state and local officials who conspired with members of the Ku Klux Klan and similar terrorist groups to kill, injure and intimidate innocent citizens. *Id.* at 1947. For this reason, the Court agreed with the court of appeals that claims to redress these atrocities sounded in tort and the 1983 remedy was most analogous to the tort claim for personal injuries. *Id.* at 1948. *Wilson* does not direct us to choose a statute governing a particular type tort; instead it instructs us to select a statute that governs "a general remedy for injuries to personal rights." *Id.*

---

not inconsistent with the Constitution and the laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause ...

4. See the collection of cases in the en banc opinion of the Tenth Circuit Court of Appeals in *Garcia v. Wilson,* 731 F.2d 640, 643–648 (10th Cir.1984) (en banc).

After deciding that the state statute governing the general tort remedy for personal injuries should apply to 1983 actions, it was a relatively simple task under the New Mexico statutory scheme to select the appropriate statute; a single New Mexico statute of limitations applied to "injury to the person or reputation of any person", N.M.Stat.Ann. § 37–1–8 (1978). *See id.* at 1949. Today the problem we face is: when two different limitations periods are provided by a state for different types of personal injury actions, which limitation period shall govern a section 1983 action?

### III.

We must choose one of two Mississippi prescriptive statutes which govern different types of personal injury claims.[5] Miss. Code Ann. § 15–1–35 (1972), provides a one-year limitation on actions based on most, if not all common law intentional torts;[6] Miss.Code § 15–1–49 (1972), allows six years to sue on all causes of action not otherwise provided for. This residual statute governs most unintentional tort actions including negligence actions and most strict liability actions. As the residual statute it also governs many actions based on theories other than tort.

The Eleventh Circuit was recently faced with a similar problem in *Jones v. Preuit and Mauldin,* 763 F.2d 1250 (11th Cir. 1985). The court in *Jones* was required to select an appropriate Alabama limitations statute for 1983 suits under the teaching of *Wilson.* In Alabama a six-year limitation period governs the category of suits included in the common law action of trespass. This includes actions predicated on an "intentional act done with force and immediately injurious to the person of another or to property in his or her possession." *Id.*

at 1254. A one-year limitation period applied to all other non-contract personal injury actions. This statute governed actions which could be brought as a trespass on the case including actions predicated on a negligence theory and other non-intentional torts. *Id.* The court concluded, based upon the legislative history of section 1983, that "the 42nd Congress considered direct acts of violence against black citizens to be the paradigmatic wrong addressed by the new statute. Hence, the essential nature of a Section 1983 claim fits the description of trespass under Alabama law." *Id.* at 1256. Accordingly, the Eleventh Circuit adopted the six-year limitations period which applied to intentional wrongs actionable as a common law trespass action. *Id.*

We agree with the court's analysis in *Jones.* Mississippi, like Alabama, provides no general prescriptive statute that governs all tort actions for personal injuries. We must choose between a statute governing intentional torts on the one hand and a statute governing negligence and strict liability actions on the other. We agree with the Eleventh Circuit that it is appropriate in choosing the state statute most analogous to 1983 that we consider the dominant purpose of Congress in enacting 1983. There is no room for disagreement with the Eleventh Circuit that "[t]he paradigmatic personal injuries covered by the statute, those that motivated the Congress to take action, were acts of intentional and direct violence on the part of the Ku Klux Klan." *Id.* at 1255. This was expressly recognized by the Court in *Wilson* when it noted that the specific historical catalyst for 1983 was the "campaign of violence and deception in the South, fomented by the Ku Klux Klan,

---

5. Mississippi has special limitations which govern particular actions such as medical malpractice. See e.g., Miss.Code Ann. § 15–1–36 (1983). These special statutes are irrelevant for our purposes.

6. At the time Mrs. Gates filed suit, this statute read:

§ **15–1–35. Limitations applicable to actions for certain torts.**

All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.

**920**

which was denying decent citizens their civil and political rights." 105 S.Ct. at 1947.

We have considered the argument that *Wilson* directs selection of a time limitation for a *general* remedy rather than a *particular* remedy and because the Mississippi one-year statute of limitations, section 15–1–49, has more general application, it should apply.[7] The six-year statute (section 15–1–49) is more general in the sense that it is a general residual statute that applies to a broad class of actions—tort, contract or statutory—not otherwise provided for. With respect to tort personal injury actions, however, the six-year residual statute has no more general application than the one-year statute so we are relegated to making the selection on some other basis. The other criteria we find helpful in making this selection are the Court's instructions in *Johnson v. Railway Express Agency, Inc.*, and *Board of Regents v. Tomanio*, that we adopt the most "appropriate" state limitation period or the limitation governing the most "analogous" state cause of action. Most 1983 actions are predicated on intentional rather than negligent acts. Also, as stated above, 1983 was enacted for the purpose of redressing injuries from intentional misconduct. It follows that the 1983 action is more analogous to intentional torts governed by the one-year prescriptive period provided by Miss.Code Ann. 15–1–35 and we conclude that all section 1983 actions filed in Mississippi are governed by that statute. Because plaintiff concedes that her suit was not filed within one year of the accrual of her cause of action, her claim is time barred. The entry of summary judgment for defendants is therefore

AFFIRMED.

---

**7.** Five en banc opinions of the Tenth Circuit handed down the same day as its opinion in *Wilson v. Garcia*, seem to support this view. See *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir.1984) (en banc) (Utah law), cert. denied, —— U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985); *Cowdrey v. City of Eastborough, Kansas*, 730 F.2d 1376, 1378 (10th Cir.1984) (en banc) (Kansas law); *Hamilton v. City of Overland Park, Kansas*, 730 F.2d 613, 614 (10th Cir. 1984) (en banc) (Kansas law), cert. denied, —— U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985); and *Pike v. City of Mission, Kansas*, 731 F.2d 655, 658 (10th Cir.1984) (en banc) (Kansas law); *McKay v. Hammock*, 730 F.2d 1367, 1370 (10th Cir.1984) (en banc) (Colorado law).