**Daisy GREENFIELD, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 85–0903.**

United States District Court, District of Columbia.

Nov. 8, 1985.

Robert L. Bell, Washington, D.C., for plaintiffs.

Arlene L. Robinson, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM ORDER

### (Denying Reconsideration of Limitations Period)

BARRINGTON D. PARKER, District Judge.

Plaintiff has sued the District of Columbia government and several of its police officers pursuant, in part, to 42 U.S.C. § 1983. The suit stems from an incident in which plaintiff alleges that those officers used unnecessary and unlawful force while taking plaintiff into custody. Plaintiff also alleges that the government was negligent in failing to properly train and supervise its police officers.

Defendants have moved this Court to reconsider its May 22, 1985 ruling that the limitations period applicable to this § 1983 action is three years, as provided for by D.C.Code Ann. § 12–301(8) ("catchall" period). The motion for reconsideration was filed within several weeks of the scheduled trial date—November 7, 1985.[1] For the reasons set forth below, defendants' motion is **denied**.

### A.

This Court's May 22 Order considered the effect on the applicable limitations period of the Supreme Court's recent pronouncement in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Wilson* dealt with a situation similar to the one presented here. In *Wilson* a respondent brought a § 1983 action to redress his alleged beating by a New Mexico state police officer. Petitioners[2] moved to dismiss, pleading that the applicable Statute of Limitations barred the action. In denying petitioners' motion, the district court rejected their claim that the New Mexico Tort Claims Act[3] provided the applicable

---

1. The case was referred to a United States Magistrate, on July 9, 1985, for purposes of discovery, pretrial and trial.

2. The respondent in *Wilson* also named the Chief of the New Mexico State Police as a defendant, alleging that he was negligent in the training and supervision of Officer Wilson.

3. N.M.Stat.Ann. § 41–4–15(A) (two-year period). The New Mexico Supreme Court had previously held that that statute provided "the most closely analogous state cause of action." *DeVargas v. New Mexico*, 97 N.M. 563, 564, 642 P.2d 166 (1982). As the district court noted, "the matter of characterization [of a § 1983 action] should be treated as a federal question." *Wilson*, —— U.S. ——, 105 S.Ct. at 1943.

limitations period and, hence, barred the suit. Rather, the court held that the appropriate period was to be found in a "catchall" provision of the New Mexico Statute of Limitations, N.M.Stat.Ann. § 37–1–4 (four-year period). In affirming the district court, the court of appeals, for reasons later approved by the Supreme Court, held that, since § 1983 actions were most analogous to those founded upon injury to the person, the three-year period for personal injury actions should provide the applicable period for § 1983 actions. 731 F.2d 640, 650–51 (10th Cir.1984) (applying N.M.Stat. Ann. § 37–1–8).

In affirming the appellate decision, the Supreme Court agreed with the lower court that fidelity to the congressional purpose behind the enactment of the Reconstruction Civil Rights Acts requires that a uniform limitations period be applied to all § 1983 actions. —— U.S. ——, 105 S.Ct. at 1945–47. To obviate the need for drawing analogies between the many kinds of § 1983 actions and their state law counterparts, the Court held that a general limitations period, encompassing the full range of possible § 1983 actions, should be adopted. *Id.* Accordingly, it found that the applicable period should be that period provided for "general remed[ies] for injuries to personal rights." *Id.* 105 S.Ct. at 1948.

In their motion for reconsideration, defendants argue that two post-*Wilson* decisions have dealt with a situation not presented in *Wilson,* but presented in the instant case—a situation in which there is arguably more than one "personal injuries" limitations period.[4] In the first of the cases, *Jones v. Preuit & Maudlin,* 763 F.2d 1250 (11th Cir.1985), plaintiff challenged the constitutionality of a certain pre-judgment attachment procedure, arguing that the three-year period governing suits on attachment bonds, Ala.Code § 6–6–148, also governed his § 1983 action. Instead, the district court applied a one-year "catchall provision," and dismissed the suit. In overruling the lower court, the court of appeals focused on the distinction between common law trespass [5] and trespass on the case.[6] 763 F.2d at 1254–56. Because the latter cause of action encompassed only those acts that did *not* involve intentional conduct, the court held that the limitations period applicable to § 1983 actions was that governing suits in trespass. *Id.*

The second of the cases cited by defendants involved the discharge of a school teacher, which the teacher alleged was wrongful and in violation of her first amendment rights. *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985). In that case, plaintiff pressed the court to apply the Mississippi "catchall" provision, Miss.Code Ann. § 15–1–49 (six years). The court of appeals, affirming the district court, held that the one-year limitations period governing intentional torts barred plaintiff's § 1983 action. 771 F.2d at 919–20. In arriving at this conclusion, the court focused on the issue of intentionality, citing *Jones, id.* at 919, and rejected the argument that the most general limitations period should apply.[7] *Id.* at 920. Rather, it reasoned that, since *"[m]ost* 1983 actions are predicated on intentional rather than negligent acts,"

---

**4.** In *Wilson,* the Court was faced with only a single provision governing actions "for [ ] injur[ies] to the person or reputation of any person." N.M.Stat.Ann. § 37–1–8. The District of Columbia has one "catchall" period, D.C.Code Ann. § 12–301(8) (similar to N.M.Stat.Ann. § 37–1–4), and a period governing a litany of intentional torts. D.C.Code Ann. § 12–301(4) ("for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment").

**5.** Ala.Code § 6–2–34(1) (six years "for any trespass to person or liberty, such as false imprisonment or assault and battery").

**6.** Ala.Code § 6–2–39(a)(5) ("catchall" provision). Trespass on the case includes any act that "causes harm only indirectly and without an intentional act of force." 763 F.2d at 1254 (citations omitted).

**7.** The court's reasoning here is a bit unclear. Apparently the court felt that, "[w]ith respect to tort personal injury actions," both the "catchall" and the one-year period were equally general in their application. 771 F.2d at 920. Yet with respect to the run of all possible personal injury actions, including those based on negligent conduct, this proposition is invalid.

the one-year period governing intentional torts must provide the applicable period. *Id.* (emphasis added).

In addition to relying upon those two cases, defendants assert that in *Wilson* the Court rejected the sort of "catchall" provision represented by D.C.Code Ann. § 12–301(8) (applied to the instant case by this Court's Order of May 22, 1985). Memorandum of Points and Authorities at [7] (citing *Wilson*, —— U.S. ——, 105 S.Ct. at 1948).

■ Taking up the last argument first, defendants' citation to *Wilson* as supporting a rejection of all "catchall" periods is inapposite. In the first place, the Court merely stated that "it [is] unlikely that Congress would have intended to apply the catchall periods of limitations for *statutory* claims that were later enacted by many States." —— U.S. ——, 105 S.Ct. at 1948 (emphasis added). Because, unlike the New Mexico "catchall" provision, that of the District of Columbia is not limited in its application to statutory claims, this portion of the Court's analysis is not relevant to the instant case. In the second place, the District of Columbia has no limitations period applicable to all personal injury actions; rather, its most general limitations period governing personal injury actions *is* the "catchall" provision. *See Alley v. Dodge Hotel*, 501 F.2d 880, 881–82 n. 3 (D.C.Cir. 1974), *cert. denied*, 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed. 277 (1977); *Marusa v. District of Columbia*, 484 F.2d 828, 833 (D.C.Cir.1973).

More importantly, by asserting that this Court should apply the limitations period specifically governing intentional torts, defendants are asking the Court to do exactly what the *Wilson* Court was trying to prevent—to pick and choose from among the various state causes of action the one that most closely resembles the particular § 1983 action in question. *See* —— U.S. ——, 105 S.Ct. at 1945–47. Instead, the

*Wilson* Court predicated its holding upon the need to find the most general provision available. *Id.* 105 S.Ct. at 1948. The goal was not to encompass "[m]ost 1983 actions," *Gates*, 771 F.2d at 920, but "all § 1983 [actions]." *Wilson*, —— U.S. ——, 105 S.Ct. at 1947. *Wilson* counsels the selection of D.C.Code Ann. § 12–301(8) as the applicable limitations period in the instant case all the more so because plaintiff here has alleged negligent as well as intentional torts. Complaint ¶¶ 26–30. To apply D.C.Code Ann. § 12–301(4) instead would not only fly in the face of *Wilson*, but would be wholly inappropriate to the present case.

### B.

■ Because defendants filed their motion so close to the trial date, plaintiffs have moved this Court to impose sanctions pursuant to Fed.R.Civ.P. 11 and 16(f).[8] Sanctions are appropriate, however, only where the offending party has acted at least in bad faith.[9] *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *Lipsig v. Nat'l Student Marketing Corp.*, 663 F.2d 178, 181 n. 21 (D.C.Cir. 1980); *Aero Corp. v. Dep't of the Navy*, 558 F.Supp. 404, 428–29 (D.D.C.1983). Because defendants raised a plausible legal theory in connection with a motion seeking relief central to the disposition of this action, the Court finds no element of bad faith to be present. Moreover, the filing of this motion has occasioned no delay.

Accordingly, it is this 5th day of November, 1985,

### ORDERED

That defendants' motion for reconsideration is **denied**.

That plaintiffs' motion for sanctions is **denied**.

---

8. It is unclear why plaintiffs seek sanctions under Rule 16; defendants have flouted no pretrial order in this case.

9. Under the amended Rule 11, a party may be held to a standard stricter than that of "good

faith." *See* 2A Moore's Federal Practice ¶ 11.-01[4] at 11–5, ¶ 11.02[2] at 11–12 n. 3 (relating to requirement of prefiling inquiry not relevant here).