Jerry Lynn YOUNG, Plaintiff-Appellant,

v.

Neal B. BIGGERS, Jr., et al., Defendant-Appellee.

No. 86–4132.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1987.

ON SUGGESTION FOR
REHEARING EN BANC

(Opinion 7–2–87, 5 Cir., 1987,
820 F.2d 727)

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

PER CURIAM:

Treating the suggestions for rehearing en banc as petitions for panel rehearing, it is ordered that the petitions for panel rehearing are DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestions for Rehearing En Banc are DENIED.

We note in passing that in remanding this cause to the trial court we do not foreclose its possible dismissal as to "private citizen" defendants on limitations grounds, nor, for that matter, as to public officials on grounds of immunity. It well may be that, in the instance of the private citizen defendants, the retroactive application of *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985), *cert. denied* — U.S. ——, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986) is not forbidden by the Supreme Court's *Al-Khazraji* decision,[1] there having never been any question that the longer, six-year statute applicable to law-enforcement officials applied to the private defendants. We simply conclude that *Al-Khazraji* forecloses the across-the-board dismissal of the defendants decreed by the trial court; and we remand to that court for further consideration of the case in the light of our opinions and of *Al-Khazraji*, handed down long after the court's decision.

---

1. *St. Francis College v. Majid Ghaidan Al-Khazraji*, — U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987).