Tony JOHNSON, Plaintiff,

v.

MADISON COUNTY, MISSISSIPPI, William B. Noble, Deceased Sheriff of Madison County, Jessie Hopkins, Madison County Sheriff, Tim Hutson, Madison County Deputy Sheriff, Mike McGowan, Constable and Deputy Sheriff of Madison County, George Sumerlin, Constable and Deputy Sheriff of Madison County, P.H. (Pat) Luckett, Madison County Board of Supervisor, J.S. (Brother) Harris, Madison County Board of Supervisor, David Richardson, Madison County Board of Supervisor, Karl Banks, Madison County Board of Supervisor, J.L. McCullough, Madison County Board of Supervisor, Susan McCarty, Madison County Justice Clerk, and Dolan Self, Madison County Prosecuting Attorney, Defendants.

Civ. A. No. J88–0175(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

May 17, 1989.

Tony Johnson, pro se.

Rebecca B. Cowan, Montgomery, Smith–Vaniz & McGraw, Canton, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Motion of Defendants for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has not responded to this Motion. The Court has considered the memoranda of authorities together with attachments submitted by Defendants.

On March 18, 1988, this action was filed by Plaintiff Tony Johnson in the Circuit Court of Madison County, Mississippi, and was removed by Defendants to this Court pursuant to 28 U.S.C. § 1441 (1973 Supp. 1988). Though the complaint was labeled a "negligence complaint," the cause was in fact one seeking redress for violation of Johnson's constitutional rights pursuant to 42 U.S.C. § 1983. On this motion Defendants seek summary judgment based on

the doctrine of res judicata and alternatively on statute of limitations grounds. The Court need not reach the res judicata issue [1] as it now finds that this action is time barred.

■ All allegations of the instant action relate to events which allegedly occurred from February 16, 1985, through September 8, 1985. The complaint was filed by Johnson on March 18, 1988. At the time this complaint·was filed, the limitations period for actions arising under Section 1983 was one year in Mississippi. *Gates v. Spinks,* 771 F.2d 916, 920 (5th Cir.1985), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986). The Court recognizes that the United States Supreme Court has recently held that "where state law provides multiple statutes of limitation for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure,* 488 U.S. ——, ——, 109 S.Ct. 573, 582, 102 L.Ed.2d 594, 606 (1989). This ruling calls for the application of the six-year statute of limitations as provided by Miss.Code Ann. § 15–1–49 (1972) in all Section 1983 cases filed in Mississippi. While noting that some authority would support an absolute refusal to revive a time-barred claim,[2] this Court is of the opinion that justice requires consideration of retroactive application of the

*Owens* decision in light of the three factors enumerated in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971):

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

(citations omitted).

Although virtually all precedent on this issue has involved retroactive application of statutes of limitations which would operate to bar live claims and not to revive claims already barred, as in this case, the equities involved in both situations are basically the same. Generally, non-retroactivity is supported by the longstanding principle that

---

1. Plaintiff herein is no stranger to this Court. On October 14, 1986, Johnson filed Civil Action No. J86–0712(L), a Section 1983 action against Noble and Hutson containing allegations arising from arrests and incarcerations of January, February, and March 1985 and continuing through August 1985. Johnson attempted numerous amendments to this action including allegations against, *inter alia,* Luckett, Harris, Richardson, Banks, McCullough, Sumerlin and McCarty. On December 8, 1987, the court granted summary judgment on statute of limitations grounds as to the claims for alleged unlawful conduct in the months of January, February and March 1985. On December 5, 1988, the parties entered a voluntary dismissal on the remaining claims of this action.

On July 9, 1987, Johnson filed Civil Action No. J87–0392(L) against McCarty, Self, Robinson, Hutson and other Madison County officials. The allegations of that Complaint all stemmed from the events of 1985. On September 23, 1987, the court dismissed the action

against Self and others for failure to state a claim. On February 4, 1988, a final judgment was entered dismissing Hutson and another defendant for failure to state a claim. In both instances, statute of limitations was an alternative ground for dismissal.

Though the present action may possibly be barred as against certain Defendants herein on a res judicata theory, the Court does not consider the merits of Defendants' argument on those grounds due to the alternative disposition *infra.*

2. The First Circuit has held that "[w]here a cause of action has been extinguished by a time bar, a new statute of limitations will not be applied retroactively so as to revive it." *Carter v. Supermarkets General Corp.,* 684 F.2d 187, 191 n. 10 (1st Cir.1982) (citing *Dirksen v. Hynes & Howes Insurance Counselors, Inc.,* 423 F.Supp. 1290, 1293–94 (S.D.Iowa, 1976)). *See also Herm v. Stafford,* 663 F.2d 669, 683 n. 20 (6th Cir. 1982) (citing *Davis v. Valley Distributing Co.,* 522 F.2d 827, 830 (9th Cir.1975), *cert denied,* 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977)).

"[w]e should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it waived their rights." *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107, 92 S.Ct. 349, 356, 30 L.Ed.2d 296 (1971) (quoting *Griffin v. Illinois*, 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 (1956) (Frankfurter, J. concurring)). In other words, new law, such as is before the Court today, should not be automatically applied retroactively but such application should be subjected to considerations personal to the circumstances of the case and of the new law itself. The Court is of the opinion that the *Chevron Oil* factors cover the concerns raised by the possibility of non-retroactivity of the *Owens* decision and, thus, adopts that test as the one to properly determine this issue.

■ The initial question then is whether the *Owens* decision establishes a new legal principle which overrules clear past precedent on which the litigants may have relied. *Chevron Oil*, 404 U.S. at 106, 92 S.Ct. at 355. In the instant matter, not only were the precedents establishing the one-year limitation available for inspection by Johnson, but he had also faced actual dismissal of two prior cases due to the bar of that statute. A primary purpose of the *Owens* decision was "to provide courts with a rule for determining the appropriate personal injury limitation statute that can be applied with ease and predictability in all 50 States." *Owens*, 488 U.S. at ——, 109 S.Ct. at 578, 102 L.Ed.2d at 601. Because *Gates* and its progeny furnished a readily ascertainable period for all Section 1983 actions brought in Mississippi, the risk of confusion and unpredictability which *Owens* hopes to eliminate did not confront Johnson when he initiated this action. Neither this goal of *Owens* nor the goals of Section 1983 would in any way be thwarted by nonretroactive application of the residual six-year statute in this case since Johnson was capable of pursuing his civil rights action in accordance with procedural dictates of *Gates*.

The next question under *Chevron Oil* concerns a weighing of the history of the rule involved in this case. In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court ruled that federal courts were to select in each state the "one most appropriate" statute of limitations to apply to all Section 1983 claims. In response to the directive of *Wilson*, the Fifth Circuit determined that in Mississippi the one-year statute of limitation would apply in all Section 1983 causes of action. *Gates*, 771 F.2d at 920. Thereafter, in *Hanner v. State*, 833 F.2d 55 (5th Cir.1987), the Fifth Circuit considered what would be the appropriate date from which the one year should be calculated: the April 17, 1985, date of *Wilson* or the September 26, 1985, date of *Gates*. The *Hanner* court held that

> for Mississippi section 1983 actions accruing before *Wilson* that would clearly have enjoyed a longer than one-year limitations period under applicable pre-*Wilson* precedent, the appropriate limitations period shall be either (1) the longer pre-*Wilson* period, commencing at the time the action accrued, or (2) the post-*Wilson* one-year period, commencing with the date of the *Wilson* decision, whichever expires first.

*Hanner*, 833 F.2d at 59. (Footnote omitted). This rule was neither tacit nor deceptive but rather it was explicit and unambiguous.

The third question concerns the inequity which would be imposed if the *Owens* rule is retroactively applied. *Chevron Oil*, supra, 404 U.S. at 107. The one-year statute was in effect both at the time this action was instituted and at the time the motion at bar was filed. It clearly would be inequitable to allow retroactive effect today where, had this motion been decided immediately upon filing and therefore before *Owens*, the law which was readily available to both parties would have conclusively barred the action.

Examination of these three *Chevron Oil* factors verifies the propriety of non-retroactive application of *Owens* under the circumstances of the case at bar. The Court therefore holds that the governing precedent of the Fifth Circuit as it existed at the

time this action was begun is properly applied here. Accordingly, Johnson had until April 17, 1986, to file any Section 1983 claims for violation of his constitutional rights that he alleges to have occurred in January, February and March of 1985. He then had one year from August and September of 1985 in which to bring any Section 1983 claims for violations resulting from conduct which allegedly occurred during those months. The present action was not filed until March 18, 1988, long after the proscriptive period had expired. Therefore, since Plaintiff failed to bring these actions within the proper period, all claims presented herein are time barred.

THEREFORE, IT IS ORDERED that Defendant's Motion for Summary Judgment be granted. A separate judgment shall be submitted in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED.