**Johnnie Earl FLOWERS, Plaintiff,**

v.

**Darrell DICKENS, Individually and in his Official Capacity as Supervisor of District II, Leake County, Mississippi; and Leake County, Mississippi, Defendants.**

**Civ. A. No. J89–0484 (L).**

United States District Court, S.D. Mississippi, Jackson Division.

May 25, 1990.

Elizabeth L. Gilchrist, Jackson, Miss., for plaintiff.

Hubbard T. Saunders, IV, Crosthwait, Terney, Noble & Allain, Jackson, Miss., for defendants.

MEMORANDUM OPINION
AND ORDER

TOM S. LEE, District Judge.

Plaintiff, Johnnie Earl Flowers, a former employee of Leake County, Mississippi, brought this action pursuant to 42 U.S.C. § 1983 against defendants, Darrell Dickens and Leake County, Mississippi, alleging that his termination from employment was in violation of his first amendment rights. Presently before the court is defendants' motion for summary judgment. Plaintiff has responded to the motion, and the court has considered the memoranda together with attachments submitted by the parties in ruling on the motion.

The sole issue presented by defendants' motion is whether plaintiff's claim is barred by the applicable statute of limitations. The relevant facts are undisputed. Plaintiff was employed as a road hand for the Road District II Maintenance Department of Leake County in May of 1984 by James Murphy, then District II Supervisor of the county. In November 1987 defendant Dickens was elected to the District II Su-

pervisor position. During the last week of December 1987, before assuming office, Dickens informed plaintiff that his employment with the county would end when Dickens took office on January 4, 1988. On January 5, 1988, Dickens met with plaintiff and officially terminated him from employment. Plaintiff filed the present suit on August 25, 1989.

At the time plaintiff was discharged, the applicable statute of limitations for section 1983 actions in Mississippi was the one-year statute for intentional torts, Miss. Code Ann. § 15–1–35 (1972 & Supp.1989). *See Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985). Under this statute, plaintiff's claim expired no later than January 5, 1989. However, on January 10, 1989, the United States Supreme Court decided *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), holding that in states having both a statute of limitations for intentional torts and a residual statute of limitations, the residual statute is to be used for section 1983 claims. At the time *Owens* was decided, Mississippi's residual statute, Miss.Code Ann. § 15–1–49 (1972), provided a six-year limitations period.[1] Thus, the effect of *Owens* on section 1983 suits brought in Mississippi was to increase the statutory period from one to six years. While plaintiff's suit was filed approximately seven months after the one-year statute had expired, it was filed well within the new six-year limitations period. The question presented by defendants' motion is which of these statutory periods applies to plaintiff's claim, or, stated another way, whether *Owens* should be applied retroactively to the present suit.

As a general rule, the court is to apply to a case the law in effect at the time of the decision. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 662, 107 S.Ct. 2617, 2621, 96 L.Ed.2d 572 (1987) (citing *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 486 n. 16, 101 S.Ct. 2870, 2879, 69 L.Ed.2d 784

(1981)); *see also Lavender v. V & B Transmissions & Auto Repair*, 897 F.2d 805, 806–07 (5th Cir.1990); *Carroll v. General Accident Ins. Co. of Am.*, 891 F.2d 1174 (5th Cir.1990). A corollary of this rule is the presumption that the holding of a case will be applied both prospectively and retroactively. *Al–Khazraji v. Saint Francis College*, 784 F.2d 505, 510 (3d Cir.1986), *aff'd*, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). However, an exception may be made in certain cases. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the Supreme Court identified three factors that suggest non-retroactive application of the holding of a particular case:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Id.* at 106–07, 92 S.Ct. at 355 (citations omitted). This analysis is appropriate for determining whether to apply retroactively decisions involving statutes of limitations.[2] *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); *Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 107 S.Ct. 2022, 95

---

**1.** This statute was amended effective July 1, 1989 to provide for a three-year limitations period for causes of action accruing on or after July 1, 1989. 1989 Miss. Laws, ch. 311, § 3 (codified at Miss.Code Ann. § 15–1–49 (Supp.1989)); 1989 Miss. Laws, ch. 311, § 7.

**2.** *Chevron* itself was concerned with whether to apply retroactively the statute of limitations that the Court determined in *Rodrigue v. Aetna Causalty and Surety Company*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969), to be applicable to actions brought pursuant to the Lands Act.

L.Ed.2d 582 (1987); *Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir.1989); *Baker v. Gulf & Western Industries, Inc.,* 850 F.2d 1480 (11th Cir.1988); *Usher v. City of Los Angeles,* 828 F.2d 556 (9th Cir.1987); *Kimbrough v. Bowman Trans., Inc.,* 712 F.Supp. 883 (N.D.Ala.1989). While the Supreme Court has not specifically utilized the *Chevron* approach for situations in which the new statutory period would revive a claim that the litigants reasonably believed to have been barred, the Courts of Appeals for the First, Eighth and Ninth Circuits have done so, *see Rowlett v. Anheuser–Busch, Inc.,* 832 F.2d 194 (1st Cir.1987); *Farmer v. Cook,* 782 F.2d 780 (8th Cir.1986); *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985), as have the district courts of this state, *see Johnson v. Madison County, Mississippi,* 714 F.Supp. 805 (S.D.Miss.1989); *Kozam v. Emerson Elec. Co.,* 711 F.Supp. 313 (N.D.Miss.1989).

 Under *Chevron,* in order for a court to deny retroactive application of a particular decision, that decision must be one which either overrules clear past precedent on which litigants may have relied or decides an issue of first impression, the resolution of which was not clearly foreshadowed. Some cases imply that the state of the law at the time of the filing of the complaint is controlling. *See, e.g., Goodman,* 482 U.S. at 661–63, 107 S.Ct. at 2621–22. In the court's opinion, this furnishes the appropriate point of reference when the question involved is whether to apply a newly shortened statute of limitations retroactively. In such cases, the reliance interest advanced is that of the plaintiff in filing his complaint when he did. In cases like the present, though, where the limitations period is lengthened, the reliance interest advanced is that of defendants—their belief, as of one year from the date of plaintiff's termination, that any section 1983 claim plaintiff might have against them had expired. Thus, in the case at bar,

the state of the law at the time plaintiff filed his complaint is irrelevant; what matters is whether the law at the time defendants allegedly relied upon it was well-settled such that their reliance would have been reasonable. So viewed, clear circuit precedent in effect at the time plaintiff's cause of action accrued provided that plaintiff had one year in which to assert his claim, *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985); that precedent was still in effect when the one-year period expired and for several days thereafter. This first *Chevron* factor, therefore, militates against retroactive application of the holding in *Owens.*[3]

The second consideration in determining whether a particular case should be excepted from the general rule of retroactivity is whether retroactive application will further the purposes of the rule in question. The goals of the rule announced in *Owens* are the advancement of the interests of uniformity, ease of application, predictability and the minimization of unnecessary litigation. The law in effect in this circuit prior to *Owens* was consistent with these objectives; *Gates v. Spinks* had settled the question of which state statute of limitations was to be applied to section 1983 actions. Consequently, application of the new six-year statutory period under *Owens,* as opposed to the one-year statutory period under *Gates,* would neither further nor retard the interests of ease of application and predictability. *See Young v. Biggers,* 816 F.2d 216 (5th Cir.1987) (Reavley, J., specially concurring) (interests advanced by *Wilson* have little import in decision of whether to apply new statutory period retroactively) (citing *Al–Khazraji v. Saint Francis College,* 784 F.2d 505 (3d Cir. 1986), *aff'd,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)), *rev'd on rehearing en banc,* 820 F.2d 727 (5th Cir.1987); *Kozam v. Emerson Elec. Co.,* 711 F.Supp. 313, 317 (N.D.Miss.1989).[4]

---

**3.** The determination to be made with reference to this first factor primarily involves an analysis of the state of the law during the relevant time period. Whether or not any party actually relied to his detriment on that law, such that

retroactive application would be unjust, is a question addressed by the third *Chevron* factor.

**4.** Courts of other circuits have arrived at a contrary conclusion. *See Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483–84 (11th Cir.1989)

Finally, a court confronted with the issue of retroactivity is to examine whether retroactive application would lead to a substantially inequitable or harsh result. This part of the *Chevron* analysis requires an examination of the particular circumstances of the parties before the court.[5] In a case such as this, where the limitations period has been expanded by judicial decision, a determination that retroactive application of the longer statutory period should be denied is indicated if the defendants demonstrate that they relied to such an extent on a shorter statute under pre-*Owens* law that substantial inequity would result from retroactive application. *See Lavender,* 897 F.2d at 806–07 (plaintiffs' reliance not compelling enough to establish that retroactivity would be inequitable). In the case *sub judice,* defendants have not alleged that they relied in any way on the belief that plaintiff's claim was barred. At most, there was only a two-week period during which such a belief would have been reasonable. Because defendants have made no showing whatsoever that they changed their position in any way because of the belief that plaintiff's claim had been extinguished,[6] this portion of the analysis weighs in favor of retroactive application.

While there exists no precise or mechanical formula for application of the *Chevron* factors,[7] the Fifth Circuit opinion in *Carroll v. General Accident Insurance Company of America,* 891 F.2d 1174 (5th Cir.1990), suggests that the court is to begin with the general rule of retroactivity, and from there determine whether the court's findings upon application of the *Chevron* factors support a departure from this rule. So proceeding, the court concludes that the fact that *Owens* established a new principle of law is not enough to require nonretroactive application of that decision, absent additional indication that the other factors similarly suggest nonretroactive application. Accordingly, the court finds that *Owens* should be applied retroactively and, pursuant to the holding in *Owens,* plaintiff's claim is controlled by the six-year statute of limitations set forth in Miss.Code Ann. § 15–1–49 (1972).[8]

(where two-year statute applied prior to *Owens,* retroactive application of new six-year statute following *Owens* would be inconsistent with purpose of uniformity); *Usher v. City of Los Angeles,* 828 F.2d 556, 560 (9th Cir.1987) (wholly retroactive application of *Wilson,* which would have effect of barring claims that were timely under pre-*Wilson* law, would retard its purpose of safeguarding federal civil rights).

5. Most cases have held, or at least suggested, that *Chevron* is to be applied on a case-by-case basis. Two recent Fifth Circuit cases, both of which involved consideration of whether pursuant to *Chevron* the recent Supreme Court decision of *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), was to be given retroactive effect, support the conclusion that *Chevron* requires an approach. *See Carroll v. General Accident Ins. Co. of Am.,* 891 F.2d 1174 (5th Cir.1990); *Lavender v. V & B Transmissions & Auto Repair,* 897 F.2d 805 (5th Cir.1990). In neither case was it suggested that the determination of retroactivity would be binding in subsequent cases. Rather, the implication of these decisions is that cases involving issues of retroactivity under *Chevron* will require a fact-specific inquiry on the issue of whether, because of a party's re-

liance on prior law, inequity would result from retroactive application of a new decision.

6. Defendants have argued that retroactivity would be inequitable because it would prejudice them by depriving them of their statute of limitations defense. Obviously, retroactive application would prejudice them in that fashion; otherwise, there would be no controversy before the court on this issue. The relevant question is whether defendants were prejudiced in any way by their reliance on former law.

7. The Fifth Circuit has stated that the purpose of the rule is to be given greater weight than the extent to which the parties relied on past precedent. *Lavender,* 897 F.2d at 806–07 (citing *Williams v. Phil Rich Fan Mfg. Co.,* 552 F.2d 596, 600 (5th Cir.1977)). This principle, however, offers little guidance in the present case, since the court has determined that the second *Chevron* factor, involving consideration of the purpose of the law at issue, weighs neither in favor of nor against nonretroactivity.

8. This court previously had occasion to consider the retroactive effect of *Owens* in *Tardy v. Cataphote Corp. and Ferro Corp.,* No. J87–0238(L),

1989 WL 223526 (S.D.Miss.1989) (unpublished opinion). In *Tardy,* the court concluded that *Owens* would not be applied retroactively. The court, implicitly rejecting as inapplicable the test set forth in *Chevron,* relied on cases from other circuits which stated a general rule that a subsequent expansion of a limitations period will not revive a previously barred claim. Upon

further consideration, however, this court has determined that the general rule relied on in *Tardy* does not apply to situations in which the limitations period is expanded by court decision rather than by statutory amendment and that the correct analysis is that articulated in *Chevron.*