**Jerry Lynn YOUNG, Plaintiff-Appellant,**

v.

**Neal B. BIGGERS, Jr., et al.,
Defendant-Appellee.**

No. 86–4132.

United States Court of Appeals,
Fifth Circuit.

July 2, 1987.

Rehearing and Rehearing En Banc
Denied Aug. 26, 1987.

Jerry L. Young, pro se.

Sylvia Y. Robertshaw, (Court-appointed) Greenville, Miss., for Young.

Mitchell, McNutt, Bush, Lagrone, John S. Hill, Tupelo, Miss., for Crider & Jones.

John B. Farese, Ashland, Miss., pro se.

Riley, Weir & Caldwell, James Patrick Caldwell, Frank A. Riley, Tupelo, Miss., for Collins & Hoar.

Edwin L. Pittman, Atty. Gen., Donald G. Barlow, Asst. Atty. Gen., Jackson, Miss., for Funderburk, Grey & Herring.

Edward Lancaster, Houston, Miss., for Fox.

ON SUGGESTION FOR
REHEARING EN BANC

(Opinion May 11, 5 Cir., 1987,
816 F.2d 216)

Before THORNBERRY, GEE and REAVLEY, Circuit Judges.

PER CURIAM:

We treat the suggestion for rehearing en banc as a petition for panel rehearing and, so treating it, we GRANT rehearing.

Seven days after we handed down our opinion in this action, the Supreme Court decided *St Francis College v. Majid Ghaidan Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). *Al-Khazraji* held, among other things, that a decision determining that a shorter statute of limitations governed an action such as this than that which had been previously held to control should not be applied retroactively to bar the action. The effect of that holding is to overrule *Shelby v. McAdory,* 781 F.2d 1053 (5th Cir.1986), which bound our decision in this case, and to mandate the contrary result here. Young's action is therefore not time-barred, and he can now proceed with his civil rights action against those who tried and convicted him of bank robbery for depriving him of his liberty, property and so on.

REVERSED.