**Frank HANNER, Jr., et al.,**
**Plaintiffs-Appellants,**

v.

**The STATE OF MISSISSIPPI, et al.,**
**Defendants-Appellees.**

**No. 87–4105**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 2, 1987.

Frank Hanner, Jr., pro se.

Robert L. Gibbs, Asst. Atty. Gen., Jackson, Miss., Leonard Vincent, Asst. Atty. Gen., Parchman, Miss., for the State.

Before GEE, GARWOOD, and JONES, Circuit Judges.

GARWOOD, Circuit Judge:

On April 23, 1983, R.D. Hanner died while he was an inmate at the Mississippi State Penitentiary. On July 23, 1986, Frank Hanner, Jr., deceased's brother and himself an inmate at the Mississippi State Penitentiary, filed this action under 42 U.S.C. § 1983 on behalf of himself and his mother, Dorothy M. Boyd, seeking compensatory and punitive damages for alleged violations of R.D. Hanner's civil rights.[1] The district court ordered the action dismissed on the ground that under *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), the action was barred by application of the one-year statute of limitations governing section 1983 actions in Mississippi.[2] Frank Hanner appeals the district court's dismissal of this action. We affirm.

This case is one of many that have arisen in the aftermath of the Supreme Court's decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Wilson,* the Court held that the "federal interests in uniformity, certainty, and the minimization of unnecessary litigation" require the federal courts "to select, in each State, the one most appropriate statute of limitations for all § 1983 claims." *Id.,* 105 S.Ct. at 1947. Because section 1983 claims are "more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract," *id.* at 1948, the statute of limitations that should be selected in each state is the one applicable to "claims for personal injuries." *Id.* at 1949.

In *Gates,* we determined that for section 1983 actions in Mississippi, the one-year period of limitations contained in section 15–1–35 of the Mississippi Code furnishes the appropriate period of limitations under *Wilson. See* 771 F.2d at 917. Although retroactive application of section 15–1–35 to the facts of *Gates* resulted in the action being time-barred, under pre-*Wilson* Circuit precedent that action would likely have been time-barred in any event. *See Breland v. Board of Education,* 729 F.2d 360 (5th Cir.1984); *White v. United Parcel Service,* 692 F.2d 1 (5th Cir.1982). However, in *Shelby v. McAdory,* 781 F.2d 1053 (5th Cir.1986), we went one step further and applied this one-year statute of limitations retroactively to bar a section 1983 claim that under pre-*Wilson* Circuit precedent was timely when filed. *See id.* at 1054.

The fundamental unfairness of an across-the-board retroactive application of *Gates,* with no grace period allowed for bringing claims that previously could have been timely brought, was noted by a panel of this Court in *Young v. Biggers,* 816 F.2d 216, 219 (Reavley, J., concurring), *rev'd,* 820 F.2d 727 (5th Cir.1987). However, because we had previously held in *Shelby* that section 15–1–35 applied to a section 1983 claim that was timely when filed, the panel in *Young* initially concluded that it was bound to apply *Gates* retroactively. It therefore held that a section 1983 claim that under pre-*Gates* Circuit precedent would have been timely when filed was time-barred.

After the initial decision in *Young,* the Supreme Court in *Saint Francis College v. Al-Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987), held, among other things, that "where *Wilson* has required a Court of Appeals to overrule its prior cases," *id.* 107 S.Ct. at 2026, there is "no

---

**1.** The claims that Frank Hanner brings under section 1983 are in the nature of wrongful death and survival claims. This Court held long ago that such claims may be brought under section 1983. *See Brazier v. Cherry,* 293 F.2d 401 (5th Cir.1961). However, because of our disposition of the statute of limitations issue, we do not reach the merits of these claims, nor do we consider whether Frank Hanner (or Dorothy M.

Boyd) has standing to bring all or any part of this action.

**2.** The dismissal was without prejudice to any action Hanner might have in state court on state law claims. Jurisdiction in the court below was not based on diversity; dismissal of any pendent state claims was not an abuse of discretion.

good reason for not applying" the analysis set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), to determine whether *Wilson* should be applied retroactively. 107 S.Ct. at 2026. This holding was treated by the panel on rehearing in *Young v. Biggers*, 820 F.2d 727 (5th Cir.1987), as effectively overruling *Shelby*. *See* 820 F.2d at 727. The *Young* panel then determined that the new, shorter statute of limitations applicable to section 1983 actions against police officers and similar officials should not be applied retroactively[3] and that, therefore, the section 1983 action before it was no longer time-barred. 820 F.2d at 727. In concluding that the section 1983 claimant should be allowed to proceed, however, the panel in *Young* did not explicitly address the issue that concerns us here, namely, within what period of time after *Wilson*'s date (or some other appropriate date) must a section 1983 claim that accrued prior to *Wilson* be brought before being time-barred pursuant to the new statute of limitations we selected in *Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986).[4]

The plain message of *Al-Khazraji* and, to a lesser extent, *Young* is that in situations where clear Circuit precedent prior to *Wilson* provided section 1983 claimants with a more generous statute of limitations than post-*Wilson* precedent provides, the new statute of limitations should not be mechanically applied to bar claims that accrued before *Wilson* was decided. At a minimum, these cases instruct that section 1983 plaintiffs whose causes of action accrued before any change in the law was indicated must be afforded a *reasonable time* within which to bring their actions before they can be barred as untimely. *Cf. Wilson v. Iseminger*, 185 U.S. 55, 22 S.Ct. 573, 575, 46 L.Ed. 804 (1902) (stating that

when statutes of limitation are passed by a legislature, such statutes must "allow a reasonable time after they take effect for the commencement of suits upon existing causes of action"). What constitutes a reasonable time within which such actions must be commenced is the principal issue we decide today.

In determining what a reasonable time is for bringing pre-*Wilson* section 1983 claims in Mississippi, we find the approaches of the Seventh and the Ninth Circuits instructive. In *Anton v. Lehpamer*, 787 F.2d 1141 (7th Cir.1986), the Seventh Circuit determined that after *Wilson* the applicable limitations period for section 1983 actions in Illinois was no longer five years, but two years. 787 F.2d at 1142. However, if this new limitations period were applied retroactively to the case at bar, it would have converted a suit that under clear Circuit precedent was timely when filed into a suit that was untimely after substantial preparation for trial had taken place. *See id.* at 1145. To prevent such an unfair result, the Seventh Circuit decided, after undertaking a *Chevron* analysis, that the new limitations period would be given only partial retroactive application. It therefore announced that "in Illinois, a plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his action accrued or two years after *Wilson*."[5] *Id.* at 1141; *cf. Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir.1986) (announcing same rule for section 1983 suits in Indiana).

In *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir.1987), the Ninth Circuit faced a situation closely resembling that which the Seventh Circuit confronted in *Anton*. Having previously determined that the statute of limitations applicable to section 1983 actions in California was to be

---

3. For the *Young* panel's analysis of the *Chevron* factors, see 816 F.2d at 217–19 (Reavley, J., concurring).

4. In *Young*, the suit "was filed in June 1985," 816 F.2d at 217, and hence was within less than three months after *Wilson*, which was handed down April 17, 1985. In *Young*, the previously applicable statute (six years) would not have run until December 1986. 816 F.2d at 217.

5. Although on the particular facts of *Anton* plaintiff filed suit before *Wilson* was decided, the rule fashioned by the *Anton* court works equally well for suits filed after *Wilson*. *See Usher v. City of Los Angeles*, 828 F.2d 556, 559 (9th Cir.1987).

one year rather than the three-year pre–*Wilson* limitations period, *see Gibson v. United States*, 781 F.2d 1334, 1338–39 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987), the Ninth Circuit had to decide what to do with a lawsuit that was initiated over six months after *Wilson* was decided but only one year and nineteen days after the cause of action accrued. *See Usher*, 828 F.2d at 558, 560. After analysis, the Ninth Circuit determined that "[a] wholly retroactive application of *Wilson* to causes of action arising before it was decided would conflict with all three *Chevron* criteria," *id.* at 560, adding that "[l]itigants such as Usher who relied on the earlier, longer limit would be significantly prejudiced." *Id.* (citing *Saint Francis College v. Al–Khazraji,* —— U.S. ——, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)). To avoid this type of prejudice to litigants and to devise a rule that is easy to apply, the Ninth Circuit announced a rule that is similar to the one set forth in *Anton:* "in California, the applicable statute of limitations is either three years from the time the cause of action arises or one year from *Wilson,* depending on which period expires first." *Usher,* 828 F.2d at 561.

Although the type of rule adopted by both the Seventh and the Ninth Circuits may not always be appropriate when the limitations period applicable to a particular type of action is being shortened,[6] we believe that in a situation such as the one here where the applicable limitations period is being shortened from six years, *see Morrell v. City of Picayune*, 690 F.2d 469 (5th Cir.1982) (indicating that six-year catchall statute applied to assaults by police offi-

cers, as it embraced breach of official duty, while one-year statute applied to assaults by private parties), to one year, *see Gates v. Spinks*, 771 F.2d 916 (5th Cir.1985), *cert. denied*, 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), such a rule strikes a proper balance between the need to implement *Wilson* and the need to provide section 1983 claimants a reasonable time within which to bring their pre–*Wilson* accrued lawsuits before they become time-barred. *See Cabrales v. County of Los Angeles*, 644 F.Supp. 1352, 1356 (C.D. Cal.1986). We therefore adopt such an approach for section 1983 claims in Mississippi.[7]

Before we can state a new rule for section 1983 actions in Mississippi, however, we must first determine the date from which the new, shorter limitations period should run. Both the Seventh and the Ninth Circuits identified *Wilson* as providing the appropriate date from which any shorter limitations period should be calculated, but neither explained the reasons for this choice. Although *Wilson* (April 17, 1985) is certainly a logical choice, on the facts of this case *Gates* (September 26, 1985) arguably offers a plausible alternative. Nonetheless, we agree with the Seventh and the Ninth Circuits that in Mississippi cases *Wilson* provides the appropriate date from which the new, shorter limitations period should be calculated. We do so for the following reasons.

In *Wilson,* the Supreme Court not only directed the lower federal courts to select a single statute of limitations in each state for section 1983 actions, but also directed the courts to select the statute in each

---

**6.** For example, if the limitations period applicable to a particular type of action were being reduced from eight years to three years, we might well be reluctant to hold that a plaintiff whose cause of action accrued four years before the limitations period was reduced should have three years thereafter within which to commence his action. In such a situation, opting for a "reasonable time" within which to bring suit after the change in the limitations period would have some attraction, and this would normally require suit within less than three years. However, the Mississippi post–*Wilson* limitations period for section 1983 actions is only one year, and in most instances the "reasonable time" analysis would likely not produce a vastly different result. Hence the one-year

period's comparative ease of administration, consistency, and predictability becomes decisive in its favor over a "reasonable time" approach.

**7.** We speak only to claims as to which pre–*Wilson* case law relatively clearly fixed a longer limitations period than that applicable post–*Wilson.* We consider this case to likely fall within that category. *See Young; Morrell.* Where the pre–*Wilson* case law did not clearly establish a longer period, *Wilson* is applied with full retroactivity. *See Goodman v. Lukens Steel Co.,* —— U.S. ——, 107 S.Ct. 2617, 2621–22, 96 L.Ed. 2d 572 (1987). Nor do we address situations in which the effect of *Wilson* is to lengthen a limitations period.

state that applied to tort actions for personal injuries generally rather than either a statute applicable to actions against public officials or a statute of a residual or "catchall" nature. 105 S.Ct. at 1948–49. Given the Court's fairly explicit instructions on this matter, the fact that in *Gates* we identified the one-year statute of limitations applicable to most intentional torts in Mississippi, *see* Miss.Code Ann. § 15–1–35, as the appropriate statute of limitations for section 1983 actions in Mississippi rather than the six-year catchall statute, *see id.* § 15–1–49, was, if not a foreordained result, at least an obviously reasonable possibility. In other words, once *Wilson* was decided, the public was fairly on notice that in Mississippi the one-year limitations period might well be chosen over the six-year limitations period as the more appropriate period for section 1983 actions. And it is plain that once *Wilson* was decided the pre-*Wilson* opinions of this Circuit concerning which Mississippi limitations statute was applicable in a given section 1983 suit could no longer be regarded as clearly established law. *Cf. Goodman v. Lukens Steel Co.,* — U.S. ——, 107 S.Ct. 2617, 2621–22, 96 L.Ed.2d 572 (1987).

█ Because as early as *Wilson* the public was fairly on notice that the law respecting limitations periods for section 1983 actions in Mississippi was likely to change and would possibly do so in the particular way it did, we find that *Wilson* (April 17, 1985) and not *Gates* (September 26, 1985) furnishes the appropriate date from which the new, shorter limitations period should run.[8] We therefore hold that for Mississippi section 1983 actions accruing before *Wilson* that would clearly have enjoyed a longer than one-year limitations period under applicable pre-*Wilson* precedent, the appropriate limitations period shall be either

(1) the longer pre-*Wilson* period, commencing at the time the action accrued, or (2) the post-*Wilson* one-year period, commencing with the date of the *Wilson* decision, whichever expires first.[9]

█ Under the rule we announce today, to have filed this lawsuit in a timely manner, Frank Hanner had to have filed it within the earlier of either six years from April 23, 1983, the date of his brother's death, or one year from April 17, 1985, the date of the *Wilson* decision. Because the latter date is the earlier of the two, Frank Hanner had to have commenced his action by no later than April 17, 1986, to prevent it from being time-barred. As noted before, Frank Hanner did not file this lawsuit until July 23, 1986. His action is therefore time-barred.

The judgment of the district court is AFFIRMED.

---

8. We note that *Gates* was even more clearly anticipated by the decision of the Eleventh Circuit in *Jones v. Preuit & Mauldin,* 763 F.2d 1250 (11th Cir.1985), which was rendered June 21, 1985, only two months after *Wilson* and over a year before the present suit was instituted. In *Jones,* the Eleventh Circuit stated that "the *Wilson* court held that federal courts hearing claims under Section 1983 should borrow the state limitations statute governing 'personal injury' claims rather than a 'catchall' limitations

period, a limitations statute for damage to property or breach of contract, or a limitations statute governing suits against public officials." 763 F.2d at 1253.

9. We further observe that even those who did not realize the change in the law until *Gates* would still have slightly more than six months thereafter in which to file suit (unless the "old," longer limitations period sooner expired).