**Perry L. DILLARD, Plaintiff,**

v.

**VICKSBURG MEDICAL CENTER, INC., Defendant.**

**Civ. A. No. W87–0030(B).**

United States District Court, S.D. Mississippi, W.D.

Sept. 22, 1988.

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff.

Barbara Childs Wallace, George Q. Evans, Jackson, Miss., Ronald R. Kimsey, Sheri L. Bocher, Atlanta, Ga., for defendant.

### MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is presently before the Court on the Defendant's Motion for Partial Summary Judgment. Having considered the subject motion and the parties' submissions in support and opposition thereto, the Court is of the opinion that the Motion for Partial Summary Judgment should be sustained.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 1987, after having commenced a Title VII action by filing portions

of his Equal Employment Opportunity Commission ("EEOC") file, Plaintiff, proceeding *pro se*, filed a formal complaint alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. In his complaint, Plaintiff alleges that the Defendant discriminated against him by (a) refusing to hire him as a staff pharmacist in July 1986; (b) treating Plaintiff in a "disparaging" manner and giving Plaintiff "degrading" job assignments sometime between April 1976 and June 1981 when he worked at a predecessor of the Defendant; and, (c) making "false and malicious distortions of Plaintiff's prior work record" at Vicksburg Hospital, Inc., the predecessor of the Defendant, Vicksburg Medical Center, Inc. Only the Vicksburg Medical Center and not Vicksburg Hospital was named as a defendant in this action.

This Court has previously dismissed Plaintiff's Title VII claims related to disparaging treatment and distortions of his prior work record because the EEOC charge filed by Plaintiff did not make mention of those claims. Therefore, the only remaining Title VII claim relates to an alleged discriminatory refusal to hire Plaintiff in July 1986. The Defendant's Motion for Partial Summary Judgment addresses only Plaintiff's claims of Section 1981 violations.

The facts in this cause are as follows. Plaintiff worked as a staff pharmacist for Vicksburg Hospital, Inc., an entity distinct from the Defendant, Vicksburg Medical Center, Inc., from April 1976 until approximately June 1981.

On July 18, 1986, Plaintiff submitted an application for a pharmacist position with Defendant Vicksburg Medical Center, Inc. Plaintiff learned that he was not selected for the position in August or September of 1986.

Plaintiff initiated the present action by filing his EEOC charge with the Court on or about April 7, 1987. Although Plaintiff requested appointment of counsel, on April 21, 1987, the magistrate refused to appoint counsel and instructed Plaintiff to obtain counsel within thirty days or represent himself and so notify the Court. Plaintiff failed to notify the Court within the prescribed time and was thus faced with dismissal of his action for failure to follow the orders of the Court. Plaintiff then informed the Court he would represent himself and proceed *pro se*, and on October 8, 1987, the Court declined to grant dismissal and granted Plaintiff until October 23, 1987, to file a formal complaint. On October 23, 1987, as noted, Plaintiff filed his formal complaint alleging violations of Title VII and Section 1981. On November 23, 1987, the Defendant moved for dismissal, or alternatively for partial summary judgment as to Plaintiff's Title VII claims.

The Court denied the Defendant's Motion to Dismiss all of Plaintiff's Title VII claims, finding that the EEOC charge of discrimination set forth a basic Title VII claim which complied with Rule 8(a) of the Federal Rules of Civil Procedure. The Court did find, however, that certain of Plaintiff's Title VII claims were time barred under the 180 day limitation period for filing a charge with the EEOC. *See* 42 U.S.C. § 2000e–5(e). Thus, the Court dismissed Plaintiff's claims regarding disparaging treatment and malicious distortions of his prior work records. The Defendant now argues that Plaintiff's Section 1981 claims, of which Defendant first received notice when Plaintiff filed his formal complaint on October 23, 1987, are time barred. The Court agrees.

## CONCLUSIONS OF LAW

Section 1981 does not contain a statute of limitations, therefore, the United States Supreme Court has directed the federal courts to select the "most appropriate" or "most analogous" state statute of limitations. *See Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). In *Wilson* the Supreme Court held that the federal courts were required to select the one most appropriate limitation for all Section 1983 claims in order to insure the "federal interest in uniformity, certainty and the minimization of unnecessary litigation." *Id.* at 275, 105 S.Ct. at

1947. The United States District Court for the Northern District of Mississippi has ruled that Mississippi's one year statute of limitations, Miss.Code Ann. § 15–1–35 (1972), applies to all Section 1981 claims brought in Mississippi after the Supreme Court's decision in *Wilson v. Garcia, supra. See Byrd v. Travenol Laboratories, Inc.,* 675 F.Supp. 342 (N.D.Miss.1987).

The Fifth Circuit Court of Appeals' recent pronouncement in *Hanner v. State of Mississippi,* 833 F.2d 55 (5th Cir.1987), is also instructive in the Court's consideration of the appropriate statute of limitations for Section 1981 claims brought in the State of Mississippi after *Wilson v. Garcia.* In *Hanner,* the Fifth Circuit noted:

> We therefore hold that for Mississippi Section 1983 actions accruing before *Wilson* that would clearly have enjoyed a longer than one year limitations period under applicable pre-*Wilson* precedent, the appropriate limitations period shall be either (1) the longer pre-*Wilson* period, commencing at the time the action accrued, of (2) the post-*Wilson* one year period, commencing with the date of the *Wilson* decision, whichever expires first.

*Hanner v. State of Mississippi,* 833 F.2d at 59.

■ The Northern District of Mississippi in *Byrd v. Travenol Laboratories, Inc., supra,* intimated that the *Hanner* decision should be applied to Section 1981 claims as well. This Court concurs with that suggestion. Applying *Hanner* to the case at bar produces the following result: insofar as the Plaintiff's Section 1981 cause of action arose after *Wilson,* Plaintiff's cause of action is governed by the post-*Wilson* one year period commencing with the date of the *Wilson* decision. Plaintiff's cause of action arose in August or September 1986. Thus, Plaintiff was required to file his complaint within one year of the accrual of his cause of action. As the Defendant notes, Plaintiff did not file his formal complaint alleging a Section 1981 claim until October 23, 1987. At first glance, therefore, it appears that Plaintiff's Section 1981 claim is time barred.

■ Plaintiff argues, however, that the filing of his EEOC charge with this Court on April 7, 1987, preserved the statute of limitations or tolled the statute for his Section 1981 claim which was later filed with his formal complaint. The Court rejects this argument. In support of his theory, Plaintiff suggests that his Section 1981 claim relates back to the April 7 filing of his EEOC charge with this Court. Clearly, Plaintiff takes a liberal view of the relation-back principle.

Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:

> (c) Relation-back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or *attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading. (emphasis added)

Plaintiff's relation-back argument is flawed in one significant respect, his Section 1981 claim was not set forth nor was it attempted to be set forth in the EEOC charge which was filed with this Court on April 7, 1987. Understandably, it would not have been appropriate for Plaintiff's EEOC charge to have contained a Section 1981 cause of action. Thus, when Plaintiff filed his formal complaint on October 23, 1987, he alleged a new cause of action of which the Defendant had not previously been put on notice.

The Supreme Court has ruled that four factors must be satisfied for an amended pleading to relate back under Rule 15(c):

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it, and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). All

four of these factors must be satisfied for an amended pleading to relate back. *Id.* In the case at bar, Plaintiff has failed to satisfy the second, third, and fourth factors insofar as the Defendant received no notice of Plaintiff's Section 1981 claim before the one-year statute of limitations had run. *See Brown v. Department of Army,* 854 F.2d 77, 79 (5th Cir.1988).

■ Numerous courts have ruled that an amendment adding a new cause of action will not relate back to the date of the original complaint but will be governed by its own date as regards the statute of limitations. Logically, the relation-back provision of Rule 15(c) is implicitly based upon an assumption that the amendment sought is related to a cause of action which Plaintiff improperly or inadequately alleged in his original complaint. Thus, the rule of relation-back does not generally extend to amendments that add new causes of action. *See Griggs v. Farmer,* 430 F.2d 638 (4th Cir.1970); *United States v. Northern Paiute Nation,* 183 Ct.Cl. 321, 393 F.2d 786 (1968); *Humphries v. Going,* 59 F.R.D. 583 (E.D.N.C.1973).

Applying *Byrd, supra,* and the above noted cases to the case *sub judice,* each of Plaintiff's legally cognizable claims for relief under Section 1981 are clearly barred by Mississippi's one year statute of limitations. All of the allegations supporting Plaintiff's Section 1981 claim arose at the latest when he learned he had not been selected for the pharmacist job in September 1986, more than one year prior to the time he filed his formal complaint. The Court finds that there is no justification for relation-back of the Section 1981 claim to the April 7, 1987, filing and that the Defendant is entitled to partial summary judgment in its favor on Plaintiff's Section 1981 claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Section 1981 claims be and they are hereby dismissed with prejudice since they are time barred.