**Daniel THOMAS, Individually and as next friend to Annette Thomas, Plaintiff–Appellant,**

v.

**CITY OF NEW ALBANY, et al., Defendants–Appellees.**

No. 89–4871

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 18, 1990.

David G. Hill, Oxford, Miss., for plaintiff-appellant.

Roger H. McMillin, Jr., Robert M. Carter, New Albany, Miss., for defendants-appellees.

Before GEE, DAVIS, and JONES, Circuit Judges.

PER CURIAM:

His Section 1983 action for use of excessive force by city police dismissed on limitations grounds, Daniel Thomas appeals. The sole issue is which of two Mississippi limitations periods applies, the one-year statute applicable to intentional torts or the six-year residual statute governing claims of a sort not treated elsewhere. The material facts are undisputed. We reverse.

The incident of which Mr. Thomas complains took place on November 29, 1983. At that time, under the rule of *Morrell v. City of Picayune,* 690 F.2d 469 (5th Cir. 1982), it was settled that the six-year statute applied to such actions. He first consulted counsel nearly two years later, however, and was then correctly advised that, under our Circuit's intervening decision in *Gates v. Spinks,* 771 F.2d 916 (5th Cir. 1985), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), the one-year statute applied and barred his action. After our decision in *Young v. Biggers,* 820 F.2d 727 (5th Cir.1987), however, counsel concluded otherwise and, in September 1987, suit was filed.[1] A few months later, responding to the Supreme Court's decision in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), we handed down *Hanner v. State of Mississippi,* 833 F.2d 55 (1987), under the rule of which Thomas's action was again time-barred. Finally came the Supreme Court decision in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), under which the six-year, residual statute plainly applies to the action.

---

1. Each of the cited decisions represents an attempt by the Circuit to conform to controlling authority. *Morrell* followed *State for the Use of Smith v. Smith,* 156 Miss. 288, 125 So. 825 (1930); *Gates* and *Hanner* sought to follow *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); and *Young* was thought required by *St. Francis College v. Al–Khazraji,* 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987).

The district court viewed the question presented as one of *Okure's* retroactivity, concluded that it should not be retroactively applied "with respect to this plaintiff" so as to "reward his prolonged inaction at the expense of the defendants' peace of mind," and dismissed the action. Despite our sympathy with the result—a sympathy arising chiefly from the staleness of some claims legitimately subject to being brought within the period of so lengthy a statute—we conclude that it cannot stand. In the first place, we are dubious that the problem presented is correctly viewed as one of retroactivity. In the second, we conclude that, even if it be so viewed, no inequity results.

As for whether the problem is truly one of retroactivity at all, we note that after *Okure* was handed down on January 10, 1989, and before the running of the six-year statute on Thomas's claim on November 30, 1989, almost eleven months ensued—months during which, had he never brought an action at all, he could have done so. Thus, at a time when his remedy was not barred, it became known that limitations had not run on it.

But even if the problem be viewed in terms of whether or not *Okure* should be retroactively applied, and if the *Chevron* factors be consulted, the result is the same. As the district court observed, cases are ordinarily decided in accordance with the law that exists at the time of decision. *Gulf Offshore Oil Co. v. Mobil Oil Co.*, 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981). *Chevron Oil Co. v. Huson*, 404 U.S. 97, 107, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) sets forth factors to be considered in determining when special circumstances exist suggesting prospective application only:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, [the court must] 'weigh the merits and demerits in each case by looking to the prior history of the rule in question, its pur-

pose and effect, and whether retrospective operation will further or retard its operation.' Finally, [the court must weigh] the inequity imposed by retroactive application....

We agree with the district court that, given the chaotic state of authority during the period in question, the first two *Chevron* factors are of little assistance. We are unable, however, to agree with the court that applying current law, settled by *Okure* as of the time of decision, would produce any inequity.

Plaintiff consulted counsel within two years of the incident of which he complains, scarcely an outlandish delay. At that time, it appeared that limitations had run; but when later developments occurred indicating that it had not, suit was filed well within the true period provided by the state. Nor did any defendant take any action or change position to his detriment in reliance on any phase of the vacillating law since the claimed incident in November 1983. For all this record shows, none was more than an observer—an interested one, to be sure—as this unfortunate limitations quadrille of reversals and counter-reversals played itself out.

For the reasons stated, we conclude that the judgment of the district court must be REVERSED and the cause REMANDED for further proceedings.