<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 98-2215

                        SCOTT N. ROGERS,

                     Petitioner, Appellant,

                               v.

                   UNITED STATES OF AMERICA,

                     Respondent, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF NEW HAMPSHIRE

       [Hon. Shane Devine, Senior U.S. District Judge]

                             Before

                     Selya, Circuit Judge,
                                
               Kravitch, Senior Circuit Judge,
                                
                  and Lipez, Circuit Judge.
                                
                                
                                
                                
    Gordon R. Blakeney, Jr. for appellant.
    Peter E. Papps, First Assistant United States Attorney, with
whom Paul M. Gagnon, United States Attorney, was on brief for
appellee.

June 17, 1999

                                
                                
 LIPEZ, Circuit Judge. Scott N. Rogers appeals from the
district court's denial of his motion filed pursuant to 28 U.S.C.
2255 to vacate his sentence and set aside his conviction. The
court held that his motion was untimely under the limitations
period imposed in the Antiterrorism and Effective Death Penalty Act
of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24,
1996), which allows prisoners one year from the date on which their
convictions became final to file motions under  2255. As
interpreted by the district court (following the model of several
other circuit courts of appeals), AEDPA allows prisoners such as
Rogers whose convictions became final before AEDPA's effective date
to file motions under  2255 within one year of that date.
Nonetheless, even on this standard, the court held that Rogers'
motion was untimely. Rogers therefore challenges on appeal the
validity of this interpretation of AEDPA, allowing filing only
within a one year "grace period" from AEDPA's effective date.
 Prior to denial of the original  2255 motion, Rogers had
moved to amend it by adding a claim based on newly discovered facts
regarding the execution of his sentence. The court denied this
motion to amend as moot in light of its denial of the original
2255 motion. Rogers then moved to have the court reconsider the
timeliness issue as to the new claims on the basis that the motion
to amend was filed within one year of Rogers' discovery of new
facts. The district court denied the motion. Rogers contests this
decision as well on appeal. The district court issued a certificate
of appealability limited to the sentencing issues. We ordered
briefing on all issues, and now affirm.
I. Background
 On April 4, 1989, Manchester, New Hampshire police
arrested Scott N. Rogers, a convicted felon who had escaped from
the New Hampshire House of Corrections in January of that year. At
the time of his capture, Rogers was in constructive possession of
a handgun. Rogers was subsequently indicted by a federal grand jury
as a convicted felon in possession of a firearm under 18 U.S.C.
922(g)(1), and was convicted on May 20, 1990 after a jury trial.
He was sentenced on July 16, 1990 to a mandatory fifteen year
sentence as an armed career criminal under 18 U.S.C.  924(e)(1).
Throughout the federal proceedings, Rogers was housed in the New
Hampshire State Prison. The district court's 1990 judgment has no
entry in the space reserved for "recommendations to the Bureau of
Prisons," and there is no record that the district court either
ordered or recommended that the New Hampshire State Prison should
be the place of confinement for Rogers' federal sentence. There is
also no indication of the court's intent as to whether the federal
sentence should run concurrently with any future sentences for
related pending state charges. The district court's judgment and
sentence indicates that Rogers was "remanded to the custody of the
United States Marshal," but according to the terms of the writ of
habeas corpus ad prosequendum, Rogers was to be returned to the
warden of the New Hampshire State Prison upon completion of the
federal court proceedings. The record does not indicate that Rogers
was transferred to federal prison at any point.
 Rogers' prosecution on related state charges followed.
Through new counsel, Rogers pleaded guilty to all remaining state
felony charges on August 8, 1990. According to the records of the
County Attorney, the New Hampshire Superior Court Judge had
indicated to the parties prior to the plea agreement that, in light
of the long federal sentence, he would not give any "consecutive
time" - that is, he would not sentence Rogers to any time to be
served after the federal sentence. Accordingly, the parties agreed
that Rogers' sentences for eight of his nine state felony charges
should run concurrent to each other and to the federal sentence.
Rogers was thus sentenced to 3 to 7 years imprisonment on each of
four of the state felony counts and 7 to 15 years imprisonment on
each of the other four; all these sentences were to run concurrent
to each other and to the federal sentence. Finally, Rogers received
a suspended sentence of 7 to 15 years for the remaining charge of
theft of a firearm. This suspended sentence was to run consecutive
to the 15 year federal sentence. Following these state convictions,
Rogers continued to be confined in the New Hampshire State Prison.
 Rogers filed a timely notice of appeal from the federal
convictions, but direct appeal was stayed to allow Rogers to
consider the merits of filing a  2255 motion (on ineffective
assistance of counsel grounds). Although successor counsel was
appointed, a  2255 motion was never filed. We lifted the stay on
February 18, 1994 and Rogers proceeded with his direct appeal
before this court. We affirmed the federal conviction on December
8, 1994, see United States v. Rogers, 41 F.3d 25 (1st Cir. 1994),
and Rogers' sentence became final with the Supreme Court's denial
of certiorari on June 5, 1995. See 515 U.S. 1126 (June 5, 1995).
 After another long delay following the denial of
certiorari, Rogers filed a  2255 motion in the district court on
June 16, 1997. This motion, predicated entirely on ineffective
assistance of counsel grounds, sought to have the sentence vacated
and the conviction set aside. The government filed a motion to
dismiss the  2255 motion as untimely. On May 7, 1998, Rogers filed
a motion to amend the  2255 motion (hereinafter the "Motion to
Amend") by adding a request "to Correct Sentence Nunc Pro Tunc to
Effect Concurrent Running of Sentences by Ordering, or in the
Alternative by Recommending, Designation of State Facility as Place
of Confinement for Federal Sentence." On May 13, 1998, the district
court denied the original  2255 motion as untimely in light of the
prevailing judicial interpretation of the AEDPA and denied as moot
all other pending motions. Rogers then filed a "Motion to Alter or
Amend Judgment under Rule 59(e) or Alternatively for Partial Relief
from Judgment under Rule 60(b)." Dkt. 21, May 26, 1998. He argued
in his motion that the May 7th Motion to Amend derived "from facts
arising within the one-year statute of limitations imposed by the
[AEDPA]." Section 2255 provides:
   A 1-year period of limitation shall apply to a
 motion under this section. The limitation
 period shall run from the latest of  
                            * * *
   (4) the date on which the facts supporting the
 claim or claims presented could have been
 discovered through the exercise of due
 diligence.

Rogers claimed that he had "newly discovered" that federal
authorities intended that his federal sentence should begin running
upon completion of his state sentence, i.e. consecutively to the
state sentences. Since the government had not filed a responsive
pleading, Rogers maintained he had a right to amend the  2255
motion "once as a matter of course" under Fed. R. Civ. P. 15(a)
(governing amendment of pleadings), as he attempted to do with his
May 7th Motion to Amend. The district court denied this motion on
August 13, 1998, on the ground that the  2255 motion as amended
would have effectively sought a reduction in an otherwise lawful
sentence.
 Rogers filed a motion in support of his request for a
certificate of appealability on October 13, 1998. A limited
certificate of appealability issued from the district court on
October 28, 1998. The court's order stated that Rogers was "not
entitled to a [certificate of appealability] on the issue of the
timeliness of filing of his initial section 2255 petition," but
that he was entitled to a certificate of appealability "limited to
the issue of whether his federal sentence should be adjusted to run
concurrently rather than consecutively" with the state sentences.
We ordered all issues briefed, irrespective of the certificate of
appealability. See Order (1st Cir. Nov. 30, 1998).

II. Dismissal of the initial  2255 motion
 On April 24, 1996, President Clinton signed into law the
AEDPA, which instituted a limitation period for filing motions
under 28 U.S.C.  2255, as follows:
     A 1-year period of limitation shall
 apply to a motion under this section. The
 limitation period shall run from the latest
 of  
     (1) the date on which the judgment of
 conviction becomes final;
     (2) the date on which the impediment to
 making a motion created by governmental action
 in violation of the Constitution or laws of
 the United States is removed, if the movant
 was prevented from making a motion by such
 governmental action;
     (3) the date on which the right
 asserted was initially recognized by the
 Supreme Court, if that right has been newly
 recognized by the Supreme Court and made
 retroactively applicable to cases on
 collateral review;  or
     (4) the date on which the facts
 supporting the claim or claims presented could
 have been discovered through the exercise of
 due diligence.

Rogers' conviction became final on June 5, 1995. In dismissing
Rogers'  2255 motion, the district court stated that AEDPA
"clearly applies here, where the [ 2255] motion was not filed
until June 16, 1997," more than a year after the date on which
Rogers' judgment of conviction became final. The court continued:
"The date of filing is beyond the 12-month grace period ([from the
effective date of AEDPA, April 24, 1996] to April 24, 1997), which
has been generally granted in cases of this type." See Order, Dkt.
19, No. 97-300-SD, at 3 (D.N.H. May 13, 1998). The court's
reference to the general adoption of a grace period was correct.
Reasoning that it is impermissible to bar the filing of a  2255
motion (or a habeas petition under 28 U.S.C.  2254, governed by
the similar limitations provisions AEDPA added to 28 U.S.C.
2244(d)(1)) before the claimant has had a reasonable opportunity
to bring it, all of the circuits which have addressed the issue
have now concluded that a one year grace period (running from the
effective date of AEDPA) in which to file a  2255 motion (or a
petition under  2254) constitutes a reasonable opportunity.
 We now join those circuits by holding that the district
court properly applied a one-year grace period in reviewing the
timeliness of Rogers'  2255 motion. There are compelling reasons
for doing so:
   When application of a new limitation period
 would wholly eliminate claims for substantive
 rights or remedial actions considered timely
 under the old law, the application is
 "impermissibly retroactive." . . . The
 legislature cannot extinguish an existing
 cause of action by enacting a new limitation
 period without first providing a reasonable
 time after the effective date of the new
 limitation period in which to initiate the
 action. Indeed, the Supreme Court has stated
 that newly-enacted "statutes of limitations
 must allow a reasonable time after they take
 effect for the commencement of suits upon
 existing causes of action." Block v. North
 Dakota, 461 U.S. 273, 286 n.23 . . . (1983)
 (internal quotation marks omitted).

Brown v. Angelone, 150 F.3d 370, 373 (4th Cir. 1998). Where a
shortened limitations period would bar previously-accrued claims,
and where the legislature itself has not specified a grace period,
courts traditionally have provided that a "reasonable time" shall
be the shorter of: (1) the original limitation period, commencing
at the time the action accrued, or (2) the new, shortened
limitation period, commencing from the date the statute became
effective. See Flores, 135 F.3d at 1002-06 (applying such a
standard in holding that one year is "reasonable period" for
purposes of  2255); Kelly v. Burlington Northern R.R., 896 F.2d
1194, 1199 (9th Cir. 1990) (labor context); Hanner v. Mississippi,
833 F.2d 55, 58 (5th Cir. 1987) (section 1983 context); Usher v.
City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (section
1983 context); Anton v. Lehpamer, 787 F.2d 1141, 1146 (7th Cir.
1986) (section 1983 context); see also Sohn v. Waterson, 84 U.S.
(17 Wall.) 596 (1873) (applying new limitations period, running
from effective date, to previously-accrued claims).
 Since there was formerly no time limitation on filing
under  2255, "application of this approach results in the holding
that petitioners attacking convictions or sentences which became
final prior to the AEDPA's effective date will be accorded the one-
year post-AEDPA period, commencing on [AEDPA's] effective date,
within which to file for section 2255 relief." Flores, 135 F.3d at
1006. All the circuits which have addressed the issue have now held
that one year is a "reasonable time" after the effective date of
AEDPA for allowing suits to commence upon pre-existing causes of
action. See, e.g., Brown, 150 F.3d at 375 (holding that the
"reasonable time" required and the one-year statutory period
"coalesce" (citing Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir.
1996) (en banc))); Ross v. Artuz, 150 F.3d 97, 101-02 (2d Cir.
1998) (citing possibility of prisoner reliance on Lindh,
statistical evidence of high rate of filings immediately prior to
April 24, 1997, Department of Justice's "official position" that it
would not seek to enforce new limitations period until April 24,
1997, and desirability of announcing bright-line rule setting a
fixed period of time for petitioners to develop evidence and legal
theories, in rejecting ad hoc "reasonable time" rule put forth in
dicta in Peterson v. Demskie, 107 F.3d 92, 93 (2d Cir. 1997)).
Therefore, for causes of action accruing before AEDPA's effective
date, the grace period for filing a  2255 motion ended on April
24, 1997, well before Rogers filed his original  2255 motion on
June 16, 1997.

III. Denial of the Motion to Amend based on newly discovered
information
 Rogers has a separate argument for preserving the claims
raised in his Motion to Amend the original  2255 motion: namely,
his contention that these claims, based on newly discovered facts,
are governed by the one year limitation period of AEDPA measured
from the time of first possible discovery in the exercise of due
diligence:
     A 1-year period of limitation shall
 apply to a motion under this section. The
 limitation period shall run from the latest
 of  
                            * * *
     (4) the date on which the facts
 supporting the claim or claims presented could
 have been discovered through the exercise of
 due diligence.

28 U.S.C.  2255. In his motion to amend the court's May 13, 1998
judgment, Rogers stated that his May 7th "Motion to Amend does not
arise from his original conviction, nor (primarily) from his
sentence, but from facts arising within the one-year statute of
limitations imposed by" AEDPA. Specifically, Rogers claims that he
only recently was informed by the United States Marshal's Office
that, during his time in the New Hampshire State Prison, Rogers was
"considered to be in State of New Hampshire custody, and [would]
not be processed for service of his federal sentence until his
parole by state authorities." Motion to Amend, 12 at 6. Rogers
does not indicate when this fact became known to him (presumably he
claims he learned it between his June 16, 1997 original  2255
motion and the May 7, 1998 Motion to Amend), and, regardless of
when his actual discovery occurred, Rogers gives no indication that
this information could not have been discovered through the
exercise of due diligence at some earlier point in time.
 We need not resolve the due diligence/timeliness issue to
dispose of the claims raised in the Motion to Amend. Instead, we
assume arguendo that Rogers could not have discovered through the
exercise of due diligence that his sentences would run
consecutively until less than a year prior to the filing of his
Motion to Amend. We also assume (without deciding) the correctness
of his claim that he was entitled to amend his  2255 motion by
right. Even so, the new claims in Rogers' Motion to Amend are
improperly brought. He first claims that the district court should
have ordered or recommended designation of the state prison as the
place of confinement for the federal sentence imposed on July 16,
1990; second, assuming the federal sentence properly commenced only
on his release from New Hampshire State Prison, he claims credit
for time already served in state prison against the federal
sentence under 18 U.S.C.  3585(b)(2). We analyze these claims in
turn.

A. Ordering or recommending designation of the state prison as the
place of confinement for the federal sentence
 Rogers' Motion to Amend asks that the district court make
a "correction to its sentence whereby the court orders, or in the
alternative recommends that [New Hampshire State Prison] be
designated as the place of confinement for [Rogers'] federal
sentence." Motion to Amend, at 26. There is authority for the
notion that the Bureau of Prisons may make such a designation in
nunc pro tunc fashion where the federal sentencing court is silent
as to whether a federal sentence should run concurrently with "a
not-yet-imposed state sentence." McCarthy v. Doe, 146 F.3d 118, 119
(2d Cir. 1998); see also Barden v. Keohane, 921 F.2d 476, 483 (3d
Cir. 1991) (Bureau has authority to make such a designation).
Therefore, prisoners similarly situated to Rogers may request that
the Bureau of Prisons make such a designation. On similar facts,
other courts of appeals have held that the Bureau must consider
such a request. See id. at 478. Once administrative remedies under
the Bureau of Prisons' Administrative Remedies Program are
exhausted, see 28 C.F.R.  542.10-542.16, prisoners may then seek
judicial review of the request for designation by filing a habeas
petition under 28 U.S.C.  2241. See United States v. Pineyro, 112
F.3d 43, 45-46 (2d Cir. 1997) (prisoner must exhaust administrative
remedies before seeking review of designation of facility); Barden,
921 F.2d at 478-79 (petition under  2241 is proper mode of
challenge to Bureau of Prisons' refusal to consider designating
state prison as place of confinement); United States v. Jalili, 925
F.2d 889, 893 (6th Cir. 1991) (challenge to designation of facility
properly cognizable under  2241). Here, Rogers has failed to raise
the matter before the Bureau of Prisons in the first instance. Even
if he had exhausted administrative remedies, his  2255 motion
would not be the appropriate vehicle for a challenge to an
administrative denial of a request for designation of place of
confinement. See id. (district court lacked jurisdiction under
2255 to challenge Bureau of Prisons' designation of facility for
otherwise lawful sentence).

B. Credit for time under 18 U.S.C.  3585(b)(2)
 Assuming that his federal sentence does begin running
upon his parole from state prison, Rogers nonetheless claims that
the district court has power to award him credit for time served in
state prison under 18 U.S.C.  3585(b)(2). See Motion to Amend,
22, 28. Section 3585 reads as follows:
   3585. Calculation of a term of imprisonment
     (a) Commencement of sentence.--A
 sentence to a term of imprisonment commences
 on the date the defendant is received in
 custody awaiting transportation to, or arrives
 voluntarily to commence service of sentence
 at, the official detention facility at which
 the sentence is to be served.
     (b) Credit for prior custody.--A
 defendant shall be given credit toward the
 service of a term of imprisonment for any time
 he has spent in official detention prior to
 the date the sentence commences--
            (1) as a result of the offense for
   which the sentence was imposed; or
            (2) as a result of any other
   charge for which the defendant was
   arrested after the commission of the
   offense for which the sentence was
   imposed;
   that has not been credited against another
 sentence.

Rogers' arrest for the state charges was subsequent to his
possession of the firearm, the offense for which his federal
sentence was imposed. Arguably, then, he would qualify for credit
for prior custody under the literal terms of 18 U.S.C.
3585(b)(2). However, it is well-established that a request for
credit for prior custody under 18 U.S.C.  3585(b)(2) must be made,
in the first instance, to the Attorney General through the Bureau
of Prisons upon imprisonment after sentencing. See United States v.
Wilson, 503 U.S. 329, 334 (1992) ("[Section] 3585(b) does not
authorize a district court to compute the [presentence detention]
credit at sentencing."). Once administrative remedies are
exhausted, see 28 C.F.R.  542.10-542.16, prisoners may then seek
judicial review of any jail-time credit determination, see Wilson,
503 U.S. at 335, by filing a habeas petition under 28 U.S.C.
2241. See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th
Cir. 1993). Rogers has not exhausted his administrative remedies,
and even if he had, his  2255 motion would once again not be the
appropriate vehicle for a challenge to an administrative denial of
credit for time served.

 We therefore conclude that the district court did not err
in dismissing Rogers'  2255 motion as untimely, and in dismissing
his Motion to Amend and his Motion to Amend Judgment.
 Affirmed.

</body>

</html>